*1180
 
 OPINION
 

 Per Curiam:
 

 In this opinion, we consider whether NRS 178.400, Nevada’s standard for a defendant’s competency to stand trial, conforms to the standard set out by the United States Supreme Court in
 
 Dusky v. United
 
 States,
 
 [1]
 
 We conclude that it does. We also consider what evidence the district court and appointed experts may consider at all stages of the competency proceedings.
 

 FACTS
 

 Appellant Ronald O’Neal Calvin was charged with two counts of first-degree murder with the use of a deadly weapon and two counts of robbery with the use of a deadly weapon. An issue arose as to his competency to stand trial, and in 1999 he was evaluated at Lake’s Crossing and found to be competent. The trial date was continued a number of times over the course of four years. Two new defense counsel were apparently assigned to Calvin’s case in early 2005, and they again raised questions about Calvin’s competency.
 

 At a hearing on April 5, 2005, defense counsel informed the district court that although Calvin understood the legal proceedings, he had difficulty assisting counsel. At that time, the prosecutor argued that under NRS 178.400, if Calvin could understand the proceedings, his inability to assist counsel was immaterial. However, in later hearings, after the defense argued that this reading of the statute was inconsistent with the
 
 Dusky
 
 definition of competency, the prosecutor expressly stated that the
 
 Dusky
 
 standard governed in Nevada and conceded that the ability to assist counsel was necessary for a defendant to be competent.
 

 At the April 5 hearing, the district court appointed two psychologists to evaluate Calvin: Dr. Greg Harder and Dr. Marvin Glovin-sky. The defense requested that the psychologists receive Calvin’s Lake’s Crossing records, but the district court ordered that they receive only a copy of his discharge summary from Lake’s Crossing. The district court also ordered the parties not to contact the psychologists. Dr. Harder found that Calvin was mentally ill, but both he and Dr. Glovinsky submitted reports finding Calvin competent to stand trial. Dr. Harder subsequently advised defense counsel that he had evaluated Calvin under the standard of NRS 178.400(2), but that under the standard of
 
 Dusky,
 
 which Dr. Harder believed emphasized a “ ‘rational’ understanding of the charges and ability to assist counsel,” Calvin’s competency was
 
 *1181
 
 “less conclusive.” A defense expert, Dr. Michael Krelstein, also examined Calvin and concluded he was not competent to stand trial.
 

 The district court held a competency hearing on June 27, 2005. The defense did not call Dr. Krelstein to testify but did call Dr. Elizabeth Neighbors, a psychologist and the director of Lake’s Crossing. She stated that despite the language in NRS 178.400, she and her colleagues followed
 
 Dusky
 
 and NRS 178.455. She also testified that it was preferable for an evaluator to consult with a defendant’s counsel and have access to the defendant’s medical records, family history, and jail records when evaluating competency. The defense also called Emily Reader, a social worker at the Clark County Public Defender’s Office. The defense wanted her to describe her meetings with Calvin, but after the prosecutor objected, the district court ruled that it would not allow her to testify until she had provided the prosecution with her notes of those meetings. The district court did not allow Michael Pescetta, Assistant Federal Public Defender, to testify for the defense about perceived differences between the competency standards of
 
 Dusky
 
 and NRS 178.400; defense counsel did not object and later filed a declaration by Pescetta. At the end of the hearing, the district court stated that it had not heard any evidence indicating that Calvin was not competent but would nevertheless appoint a third doctor to evaluate him.
 

 At the next hearing on July 12, 2005, however, the district court ruled as follows:
 

 When I last left you at the evidentiary hearing you had served on me, I would say, a volume of documents .... I have been through it, every single solitary page .... And as a result of reviewing that documentation, and as a result of sitting through ... the hearing with regard to competency, I have changed my mind and made a determination based on what I heard at the competency hearing and what I have read in these documents that Mr. Calvin is competent to proceed. I’m not having another doctor look at him. I’ve read 500 pages, I heard the testimony, I’m ready to proceed.
 

 At a hearing on July 19, the district court added that “when we were here last and I ruled that I found Mr. Calvin to be competent, I failed to mention that it was under the
 
 DusJcy
 
 standard, which is what I was considering.”
 

 Calvin filed in this court a petition for a writ of mandamus or prohibition declaring NRS 178.400(2) unconstitutional. We denied the petition.
 
 [2]
 
 Calvin later pleaded guilty to two counts of
 
 *1182
 
 first-degree murder with the use of a deadly weapon; he then unsuccessfully moved to withdraw his guilty plea. On January 6, 2006, he was sentenced to four consecutive terms of life in prison without the possibility of parole. This appeal followed.
 

 DISCUSSION
 

 Calvin first argues that NRS 178.400 fails to comply with federal constitutional standards for competency to stand trial, as set out in Dusky, and that his competency proceedings were therefore invalid. A district court’s determination of competency after a competency evaluation is a question of fact that is entitled to deference on review.
 
 [3]
 
 Such a determination will not be overturned if it is supported by substantial evidence.
 
 [4]
 

 NRS 178.400 states:
 

 1. A person may not be tried or adjudged to punishment for a public offense while he is incompetent.
 

 2. For the purposes of this section, “incompetent” means that the person is not of sufficient mentality to be able to understand the nature of the criminal charges against him, and because of that insufficiency, is not able to aid and assist his counsel in the defense interposed upon the trial or against the pronouncement of the judgment thereafter.
 

 Under
 
 Dusky,
 
 a defendant is competent to stand trial if he “has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding” and “he has a rational as well as factual understanding of the proceedings against him.”
 
 [5]
 

 Despite the variance in language between
 
 Dusky
 
 and the statute, we have in the past recognized
 
 Dusky
 
 as the governing standard, and we have without comment interpreted the statute as consistent with that standard.
 
 [6]
 
 We therefore now specifically hold that our statutory competency standard conforms to that of
 
 Dusky
 
 and thus satisfies constitutional requirements. Thus, consistent with
 
 Dusky,
 
 under Nevada statutory law a defendant is incompetent to stand trial if he
 
 either
 
 “is not of sufficient mentality to be able to
 
 *1183
 
 understand the nature of the criminal charges against him”
 
 or
 
 he “is not able to aid and assist his counsel in the defense interposed upon the trial or against the pronouncement of the judgment thereafter.’ ’
 

 Calvin also argues that his competency proceedings were inadequate because the district court improperly limited the information Drs. Harder and Glovinsky could consider in evaluating him and excluded two witnesses from testifying, and that his guilty plea is therefore invalid.
 

 NRS 178.415(3)(a) gives slight guidance in these respects, stating only that in a hearing on a defendant’s competency, the prosecutor and the defendant may “[ijntroduce other evidence including, without limitation, evidence related to treatment to competency and the possibility of ordering the involuntary administration of medication.” The United States Supreme Court has noted that “evidence of a defendant’s irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial” are relevant factors in assessing competency.
 
 [7]
 
 Counsel’s expressed doubt about her client’s competency is also relevant, given her “close contact” with the defendant.
 
 [8]
 

 “The conviction of an accused while he is legally incompetent violates due process.”
 
 [9]
 
 An accurate competency evaluation is therefore critical to avoiding a violation of the defendant’s constitutional rights. Accuracy is best served when the district court and any appointed experts consider a wide scope of relevant evidence at every stage of the competency proceeding, including initial doubts as to the defendant’s competency, the experts’ evaluation, and the hearing after the evaluation. This does not mean that the district court must peruse every record and hear testimony from every witness the State or defense may wish to present; all evidence must still be relevant to the ultimate issues of whether the defendant understands the nature of the proceedings against him and can assist his counsel in his defense. Relevant evidence may also be excluded under NRS 48.035(2) “if its probative value is substantially outweighed by considerations of undue delay, waste of time or needless presentation of cumulative evidence.’ ’
 

 In this case, accuracy would have been better served by allowing Drs. Harder and Glovinsky to consider Calvin’s medical and
 
 *1184
 
 psychiatric history and to discuss with Calvin’s counsel his ability to assist them up to that time. However, Calvin does not indicate which documents he provided to the district court for its review before the hearing, nor does he provide us with any documents pertaining to his medical or psychiatric history. Thus, we are unable to determine whether anything in his medical or psychiatric history or any statements from his counsel would have led the appointed experts or the district court to determine that he was not competent.
 

 As for the two witnesses Calvin wished to call at the competency hearing, Calvin failed to object to the exclusion of their testimony. Thus, he failed to preserve this matter for appeal and must demonstrate plain error.
 
 [10]
 
 In conducting a plain-error analysis, we must consider whether error exists, if the error was plain or clear, and if the error affected the defendant’s substantial rights.
 
 [11]
 
 The burden rests with Calvin to show actual prejudice.
 
 [12]
 
 We conclude that the district court’s refusal to hear the witnesses’ testimony was not error. In light of our affirmation above that the state and federal competency standards are identical, Calvin fails to demonstrate that testimony from Mr. Pescetta about the alleged differences between the standards was relevant to a determination of his competency. While Ms. Reader’s testimony may have been relevant, the district court refused to allow her to testify until she turned over her notes of her meetings with Calvin to the State. Calvin has not demonstrated that this condition was improper. Further, Calvin fails to state how either witness’s testimony would have led the district court to conclude he was not competent.
 

 CONCLUSION
 

 We have reviewed Calvin’s contentions and conclude he is not entitled to relief. We therefore affirm his judgment of conviction and sentence.
 

 [1]
 

 362 U.S. 402 (1960).
 

 [2]
 

 Calvin
 
 v.
 
 District Court,
 
 Docket No. 45926 (Order Denying Petition, October 4, 2005).
 

 [3]
 

 See Thompson v. Keohane,
 
 516 U.S. 99, 111 (1995);
 
 Mackey v. Dutton,
 
 217 F.3d 399, 411-13 (6th Cir. 2000).
 

 [4]
 

 Tanksley
 
 v.
 
 State,
 
 113 Nev. 844, 847, 944 P.2d 240, 242 (1997).
 

 [5]
 

 362 U.S. at 402 (internal citations omitted).
 

 [6]
 

 See, e.g., Hill v. State,
 
 114 Nev 169, 176, 953 P.2d 1077, 1082 (1998);
 
 Melchor-Gloria v. State, 99
 
 Nev 174, 179-80, 660 P.2d 109, 113 (1983).
 

 [7]
 

 Drope
 
 v. Missouri, 420 U.S. 162, 180 (1975).
 

 [8]
 

 Id.
 
 at 177 n.13.
 

 [9]
 

 Krause v. Fogliani,
 
 82 Nev. 459, 462, 421 P.2d 949, 950-51 (1966).
 

 [10]
 

 See
 
 NRS 178.602;
 
 Herman
 
 v.
 
 State,
 
 122 Nev. 199, 207, 128 P.3d 469, 474 (2006);
 
 Green v. State,
 
 119 Nev. 542, 545, 80 P.3d 93, 95 (2003).
 

 [11]
 

 Anderson v. State,
 
 121 Nev. 511, 516, 118 P.3d 184, 187 (2005);
 
 Kaczmarek
 
 v.
 
 State,
 
 120 Nev. 314, 328, 91 P.3d 16, 26 (2004).
 

 [12]
 

 Green,
 
 119 Nev. at 545, 80 P.3d at 95.