CAROLINE MARIE SIMS, Petitioner, *v.* THE EIGHTH JUDI-CIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, AND THE HON-ORABLE JACKIE GLASS, District Judge, Respondents, AND THE STATE OF NEVADA, Real Party in Interest.

No. 51188

KANOHEA SAMUEL HEAUKULANI, Petitioner, *v.* THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, AND THE HONORABLE JACKIE GLASS, District Judge, Respondents, AND THE STATE OF NEVADA, Real Party in Interest.

No. 51189

April 30, 2009                                        206 P.3d 980

*Philip J. Kohn*, Public Defender, and *Christy L. Craig* and *Howard S. Brooks*, Deputy Public Defenders, Clark County, for Petitioners.

*Catherine Cortez Masto*, Attorney General, and *Jill Carol Davis*, Senior Deputy Attorney General, Carson City, for Respondent.

*David J. Roger*, District Attorney, *Steven S. Owens*, Chief Deputy District Attorney, and *James R. Sweetin*, Deputy District Attorney, Clark County, for Real Party in Interest.

# OPINION

By the Court, DOUGLAS, J.:

In this second of two related cases involving competency proce-
dures in the Eighth Judicial District Court, the petitioners challenge
the district court's refusal to allow defense counsel the opportunity
to present independent competency evaluations during the compe-

tency hearing.[2] We conclude that defense counsel may introduce these independent evaluations if they are relevant to the issue of the defendant's competency and their probative value is not substantially outweighed by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Because the petitioners' independent competency evaluations are relevant to the issue of competency, and their probative value is not substantially outweighed by considerations of undue delay, waste of time, or needless presentation of cumulative evidence, we grant these consolidated petitions.

## FACTS

In early 2007, petitioner Caroline Marie Sims was charged with one count each of home invasion while in possession of a deadly weapon, carrying a concealed weapon, and burglary while in possession of a deadly weapon. In March 2007, petitioner Kanohea Samuel Heaukulani was charged with one count of open or gross lewdness. Shortly after these charges were filed, concerns were raised at the justice court level regarding the petitioners' competency to stand trial.

The justice court, acting under the competency procedures adopted by the Eighth Judicial District Court, bound the petitioners over to respondent Eighth Judicial District Court Judge Jackie Glass (Department 5) for resolution of the competency issues. Thereafter, the court appointed two psychologists to evaluate the petitioners. Following the evaluations, Department 5 received and reviewed the competency reports. According to the reports, the petitioners were competent to stand trial. Consequently, Department 5 entered formal findings of competence, and the cases proceeded to trial.

Despite Department 5's findings of competence, defense counsel for the petitioners remained concerned about the petitioners' competency to stand trial. As a result, defense counsel ordered independent competency evaluations for both petitioners. Each of the independent competency examiners were properly certified to evaluate competency by the Division of Mental Health and Developmental Services of the Department of Health and Human Services. *See* NRS 178.417. The results from the independent competency evaluations were unanimous in their conclusion that the petitioners were not competent to stand trial.

Shortly after receiving the results from the independent competency evaluations, defense counsel for the petitioners again raised the issue of competency to stand trial. The trial judges suspended the

---

[2]Today, we also decide the related case of *Scarbo v. Dist. Ct.*, 125 Nev. 118, 206 P.3d 975 (2009).

proceedings and transferred the ongoing competency matters back to Department 5.[3] The petitioners were again evaluated by court-appointed competency examiners. Subsequent to the competency examinations, but prior to the competency hearings, defense counsel for the petitioners moved to admit the results from the independent competency evaluations at the competency hearings. Those motions were denied and these consolidated writ petitions followed.

## DISCUSSION

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control a manifest abuse of discretion or an arbitrary or capricious exercise of discretion. NRS 34.160; *Round Hill Gen. Imp. Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). A writ of mandamus will not issue, however, if the petitioners have a plain, speedy, and adequate remedy in the ordinary course of law. *See* NRS 34.170. Mandamus is an extraordinary remedy, and it is within the discretion of this court to determine whether these petitions will be considered. *Poulos v. District Court*, 98 Nev. 453, 455, 652 P.2d 1177, 1178 (1982).

The issue raised by these writ petitions concerns whether defense counsel is permitted under NRS 178.415(3) to introduce independent competency evaluations during the competency hearing. This important legal issue needs clarification. Therefore, we exercise our discretion to consider petitioners' arguments. *Business Computer Rentals v. State Treas.*, 114 Nev. 63, 67, 953 P.2d 13, 15 (1998) (noting that when "an important issue of law needs clarification and public policy is served by this court's invocation of its original jurisdiction, [the] consideration of a petition for extraordinary relief may be justified" (citing *Ashokan v. State, Dep't of Ins.*, 109 Nev. 662, 667, 856 P.2d 244, 247 (1993))).

Department 5 interprets NRS 178.415(3) to limit the admissibility of evidence during the competency hearing to that which is "related to treatment to competency and the possibility of ordering the involuntary administration of medication." Statutory interpretation is

---

[3]Under the competency procedures recently adopted by the Eighth Judicial District Court, all competency matters are assigned to a particular district court judge. In *Fergusen v. State*, this court reviewed the Eighth Judicial District Court's competency procedures and concluded that the district court may assign initial competency determinations to a particular district court judge. 124 Nev. 795, 803, 192 P.3d 712, 718 (2008). However, any ongoing competency issue must vest with the trial judge who has been assigned to hear the matter. *Id.* Finally, the determination of all competency matters that arise during trial must vest with the trial judge who has been assigned to hear the matter. *Id.*

a question of law, and we review Department 5's interpretation of NRS 178.415(3) de novo. *Firestone v. State*, 120 Nev. 13, 16, 83 P.3d 279, 281 (2004). In examining a statute, this court will look first to the statute's plain language. *Id.* If the plain language of the statute is ambiguous, or if the plain meaning of the statute was clearly not intended by the Legislature, this court will then turn to legislative intent for guidance. *Id.*; *see State v. Quinn*, 117 Nev. 709, 713, 30 P.3d 1117, 1120 (2001) (citing *State v. State, Employees Assoc.*, 102 Nev. 287, 289-90, 720 P.2d 697, 699 (1986) (determining that "plain and unambiguous" language within a statute "must be given effect" unless from the language of the statute "it clearly appears that such [an interpretation] was not so intended")).

NRS 178.415(3) provides that, upon receiving the competency reports from the court-appointed competency examiners, the court "shall permit counsel for both sides to examine the person or persons appointed to examine the defendant." Additionally, "[t]he prosecuting attorney and the defendant may: (a) Introduce other evidence including, without limitation, evidence related to treatment to competency and the possibility of ordering the involuntary administration of medication; and (b) Cross-examine one another's witnesses." NRS 178.415(3)(a), (b).

The plain and unambiguous language of NRS 178.415(3) is expansive and in no way limits the prosecuting attorney's or defense counsel's ability to introduce evidence during the competency hearing. The plain meaning of the statute is evidenced by the phrases "other evidence" and "without limitation," which denote expansive legislative intent. *See Alsenz v. Clark Co. School Dist.*, 109 Nev. 1062, 1065, 864 P.2d 285, 287 (1993); *see also St. Paul Mercury Ins. Co. v. Lexington Ins. Co.*, 78 F.3d 202, 206-07 (5th Cir. 1996) (word "including" is generally given expansive reading, even without additional language of "without limitation").

Despite the statute's plain language, Department 5 contends that this court must look to legislative intent for guidance. We are not convinced by this argument because the statute's plain meaning clearly supports an expansive interpretation. Nevertheless, we have canvassed the legislative history and find no intent beyond that which is clearly delineated in the plain language of the statute. Therefore, we conclude that Department 5's limited interpretation of NRS 178.415(3) is incorrect because both sides may introduce other evidence during the competency hearing, including independent competency evaluations.

In this case, while Department 5 found that petitioners' independent competency evaluations were relevant, it determined that their probative value was substantially outweighed by considera-

tions of undue delay, waste of time, or needless presentation of cumulative evidence. Department 5 explained that the petitioners' independent competency evaluations were needlessly cumulative because the court had already received competency reports from court-appointed competency examiners. We must now determine whether the petitioners' independent competency evaluations were properly excluded as an undue delay, waste of time, or needless presentation of cumulative evidence. This court recently addressed a similar issue in *Calvin v. State*, 122 Nev. 1178, 147 P.3d 1097 (2006).

In *Calvin*, we considered whether the district court improperly limited the information the court-appointed competency examiners could consider during the competency examination and the subsequent competency hearing. *Id*. at 1183, 147 P.3d at 1100. We concluded that while the district court has the discretionary authority to admit or exclude evidence during the competency hearing, the competency process will be much better ''served when the district court and any appointed experts consider a wide scope of relevant evidence at every stage of the competency proceeding.'' *Id*. This does not compel the district court to consider ''every record and hear testimony from every witness the State or defense may wish to present; all evidence must still be relevant to the ultimate issues of whether the defendant understands the nature of the proceedings against him and can assist his counsel in his defense.'' *Id*. Even if the evidence being proffered is relevant, the district court may still exclude the evidence ''if its probative value is substantially outweighed by considerations of undue delay, waste of time or needless presentation of cumulative evidence.'' NRS 48.035(2).

In light of our decision in *Calvin*, we conclude that Department 5's line of reasoning was an arbitrary and capricious exercise of discretion because accuracy in the competency process is much better served when the district court considers a wide scope of relevant evidence. *Calvin*, 122 Nev. at 1183, 147 P.3d at 1100. Here, the petitioners' independent competency evaluations were, without question, relevant to the issue of competency. Furthermore, the district court's consideration of a single additional competency evaluation will not cause undue delay. Neither will the petitioners' independent competency evaluations be a waste of time nor will they constitute needless presentation of cumulative evidence. This is because the independent competency evaluations came to different conclusions than those submitted by the court-appointed competency examiners. Accordingly, we conclude that the probative value of the petitioners' independent competency evaluations is not ''substantially outweighed by considerations of undue delay, waste of time or needless presen-

tation of cumulative evidence." NRS 48.035(2). Therefore, we conclude that Department 5 manifestly abused its discretion in excluding this evidence.

## CONCLUSION

NRS 178.415(3) provides that the prosecuting attorney and defense counsel may introduce other evidence, including independent competency evaluations, if the evidence is relevant to the issue of competency. Consequently, the petitioners are entitled to introduce their independent competency evaluations during the competency hearing since the evaluations are relevant to the issue of competency and the probative value of this information is not outweighed by NRS 48.035(2). Accordingly, we grant these consolidated writ petitions. The clerk of this court shall issue writs of mandamus instructing the district court to consider petitioners' independent competency evaluations at their competency hearings.

HARDESTY, C.J., PARRAGUIRRE, CHERRY, SAITTA, and GIBBONS, JJ., concur.