CHRISTOPHER JOHN SCARBO, Petitioner, *v.* THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for THE COUNTY OF CLARK, and THE HONORABLE JACKIE GLASS, District Judge, Respondents, and THE STATE OF NEVADA, Real Party in Interest.

No. 51151

SCOTT DAVID ROEBKE, Petitioner, *v.* THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for THE COUNTY OF CLARK, and THE HONORABLE JACKIE GLASS, District Judge, Respondents, and THE STATE OF NEVADA, Real Party in Interest.

No. 51152

April 30, 2009                                            206 P.3d 975

*Philip J. Kohn*, Public Defender, and *Howard S. Brooks*, Deputy Public Defender, Clark County, for Petitioners.

*Catherine Cortez Masto*, Attorney General, and *Jill Carol Davis*, Senior Deputy Attorney General, Carson City, for Respondents.

*David J. Roger*, District Attorney, *Steven S. Owens*, Chief Deputy District Attorney, and *James R. Sweetin*, Deputy District Attorney, Clark County, for Real Party in Interest.

## OPINION

By the Court, DOUGLAS, J.:

In this first of two related cases involving competency proceedings in the Eighth Judicial District Court, we must determine whether defense counsel is entitled to full and complete copies of the court-appointed examiners' competency reports prior to a competency hearing held pursuant to NRS 178.415.[2]

[2]Today, we also decide the related case of *Sims v. Dist. Ct.*, 125 Nev. 126, 206 P.3d 980 (2009).

We conclude that prior to a competency hearing held pursuant to NRS 178.415, full and complete copies of the competency examination reports shall be delivered to the office of the district attorney and to defense counsel, or to the defendant personally if not represented by counsel. Accordingly, we grant these petitions for extraordinary relief.

## FACTS

In January 2008, the State filed criminal charges against petitioners Christopher John Scarbo and Scott David Roebke. Scarbo was charged with felony possession of a stolen vehicle, a violation of NRS 205.273. Roebke was charged with felony first-degree arson, a violation of NRS 205.010. Shortly thereafter, defense counsel expressed doubt about the petitioners' competency to stand trial. The proceedings were suspended, and pursuant to the competency procedures adopted by the Eighth Judicial District Court, the cases were assigned to respondent Eighth Judicial District Court Judge Jackie Glass (Department 5) for resolution of the competency issues.

Thereafter, Department 5 appointed three psychologists to evaluate and prepare reports regarding the petitioners' competency. Subsequently, defense counsel submitted requests to receive full and complete copies of the competency examination reports prior to the competency hearing, which was being held pursuant to NRS 178.415. Department 5 denied defense counsel's requests to receive copies of the competency examination reports and indicated that defense counsel would only receive a summary of the reports.

Following the competency examinations, at a hearing in open court, Department 5 received and reviewed the competency examination reports and found the petitioners competent to stand trial. According to the reports, two of the three psychologists that examined the petitioners found that they were competent to stand trial.

Shortly thereafter, defense counsel renewed their requests for full and complete copies of the competency examination reports. Once again, Department 5 denied defense counsel's requests. Defense counsel then moved for a stay of proceedings in order to challenge Department 5's refusal to provide full and complete copies of the competency examination reports. These motions were also denied. At this point, defense counsel filed these original petitions for writs of mandamus and moved to stay the proceedings in the district court pending resolution of the instant petitions. On February 27, 2008, we entered temporary stays.

## DISCUSSION

In recent years, this court has been called upon to consider an increasing number of issues regarding Nevada's competency procedure. In these consolidated writ petitions, we must determine

whether a criminal defendant in a competency proceeding is entitled to a full and complete copy of his or her competency examination report.

*Standard for writ relief*

"This court may issue a writ of mandamus to compel the performance of an act which the law requires as a duty resulting from an office or where discretion has been manifestly abused or exercised arbitrarily or capriciously." *Redeker v. Dist. Ct.*, 122 Nev. 164, 167, 127 P.3d 520, 522 (2006); *see* NRS 34.160. The writ will not issue, however, when "the petitioner has a plain, speedy and adequate remedy . . . in the ordinary course of law." *Hickey v. District Court*, 105 Nev. 729, 731, 782 P.2d 1336, 1338 (1989); NRS 34.170. The decision to entertain a mandamus petition lies within the discretion of this court. *Hickey*, 105 Nev. at 731, 782 P.2d at 1338.

When exercising its discretion, this court may entertain mandamus petitions when judicial economy and sound judicial administration militate in favor of writ review. *See State v. Babayan*, 106 Nev. 155, 175-76, 787 P.2d 805, 819 (1990). Additionally, this court may exercise its discretion and entertain a writ petition when "an important issue of law requires clarification." *State v. Dist. Ct. (Epperson)*, 120 Nev. 254, 258, 89 P.3d 663, 665-66 (2004) (quotation marks omitted). These consolidated writ petitions present such an issue, and therefore, we begin by clarifying in this opinion Nevada's competency procedure.

*Competency proceedings*

Among the myriad of rights enjoyed by criminal defendants is the right not to be tried while incompetent. This right is grounded in fundamental principles such as the right to a fair trial and the right to due process under the Fourteenth Amendment of the United States Constitution. *Olivares v. State*, 124 Nev. 1142, 1147, 195 P.3d 864, 868 (2008); *see* NRS 178.400; *see also* U.S. Const. amend. XIV. In Nevada, the Legislature has devised a procedure for determining competency to stand trial, thereby preventing the prosecution of mentally incompetent defendants. NRS 178.400 *et seq.*

Under Nevada's competency procedure, if any "doubt arises as to the competence of the defendant, the court shall suspend the proceedings, the trial or the pronouncing of the judgment, as the case may be, until the question of competence is determined." NRS 178.405(1). The court shall then "hold a hearing to fully consider

those doubts and to determine whether further competency proceedings under NRS 178.415 are warranted."[3] *Olivares*, 124 Nev. at 1149, 195 P.3d at 869. In *Olivares*, we recognized that further competency proceedings under NRS 178.415 are warranted "when there is reasonable doubt regarding a defendant's competency." *Id.* at 1148, 195 P.3d at 868. Competence shall be measured by the defendant's ability to understand the nature of the criminal charges and the nature and purpose of the court proceedings, and by his or her ability to aid and assist his or her counsel in the defense at any time during the proceedings with a reasonable degree of rational understanding. *Calvin v. State*, 122 Nev. 1178, 1182-83, 147 P.3d 1097, 1100 (2006); *Dusky v. United States*, 362 U.S. 402, 402 (1960); *see* NRS 178.400(2)(a)-(c).

If the court finds that further competency proceedings are warranted, it shall "appoint two [certified] psychiatrists, two psychologists, or one psychiatrist and one psychologist, to examine the defendant." NRS 178.415(1). During the competency examination, defense counsel may meet with the court-appointed competency examiners and discuss the defendant's ability to assist them up to that time.[4] *Calvin*, 122 Nev. at 1183-84, 147 P.3d at 1100. This is be-

---

[3]Under the competency procedures adopted by the Eighth Judicial District Court, all competency matters are assigned to a particular district court judge. In *Fergusen v. State*, this court reviewed the Eighth Judicial District's competency procedures and concluded that the district court may assign initial competency determinations to a particular district court judge. 124 Nev. 795, 797, 192 P.3d 712, 714 (2008). However, any ongoing competency issue must vest with the trial judge who has been assigned to hear the matter. *Id.* Finally, the determination of all competency matters that arise during trial must vest with the trial judge who has been assigned to hear the matter. *Id.*

[4]Petitioners contend that Department 5 violated this court's directive in *Calvin* by limiting defense counsel's ability to communicate with court-appointed competency examiners. In *Calvin*, we concluded that accuracy in the competency process is better served by allowing defense counsel the opportunity to meet with competency examiners and to discuss the defendant's competency. 122 Nev. at 1183-84, 147 P.3d at 1100. Nevertheless, we upheld the court's finding as to competency in that case because Calvin failed to provide us with "any statements from his counsel [that] would have led the appointed experts or the district court to determine that he was not competent." *Id.* at 1184, 147 P.3d at 1100.

Here, the petitioners have again failed to provide us with any statements from their counsel that would have led the appointed experts or Department 5 to determine that they were not competent. Additionally, the petitioners failed to demonstrate that Department 5 limited the communication between defense counsel and competency examiners. This court clearly indicated in *Calvin* that defense counsel's ability to communicate with court-appointed competency examiners is vital to ensuring accuracy within the competency proceedings. Therefore, Department 5 lacked authority to deny the petitioners the opportunity to communicate with the competency examiners.

cause accuracy in the competency process "is best served when the district court and any appointed experts consider a wide scope of relevant evidence at every stage of the competency proceeding, including initial doubts as to the defendant's competency, the experts' evaluation, and the hearing after the evaluation." *Id.* at 1183, 147 P.3d at 1100.

After the examination is completed, "at a hearing in open court, the court that orders the examination must receive the report of the examination." NRS 178.415(2). After receiving the report of the examination, the court shall "permit counsel for both sides to examine the person or persons appointed to examine the defendant." NRS 178.415(3). The court shall also permit counsel to introduce other evidence and cross-examine one another's witnesses.[5] *Id.* At the conclusion of the hearing, the court shall enter its findings as to competence. NRS 178.415(4).

Following the hearing, "[i]f the court finds that the defendant is competent, the trial must proceed, or judgment may be pronounced, as the case may be." NRS 178.420. If the court finds that the defendant is incompetent, the court shall order psychiatric treatment, consistent with NRS 178.425, which may include the involuntary administration of medication. NRS 178.425(1).

After a defendant is found incompetent, "[u]pon the completion of the evaluation and treatment of the defendant, the Administrator [of the Division of Mental Health and Developmental Services of the Department of Health and Human Services] or his designee shall report to the court in writing his specific findings and opinion" as to whether the defendant is now competent to stand trial. NRS 178.455(1). Additionally, the Administrator or his designee shall maintain a copy of the report and send a copy of the report to counsel for both sides after the competency treatment is completed. NRS 178.455(3). After counsel receives a copy of the Administrator's report, the court shall hold a hearing, if such hearing is requested within ten days of receiving the report. NRS 178.460; *see Fergusen v. State*, 124 Nev. 795, 797, 192 P.3d 712, 714 (2008).

*Competency examination reports*

Having addressed our competency procedure, we turn now to the merits of these writ petitions—namely, whether defense counsel is entitled to full and complete copies of the competency examination

---

[5]The requirement that "[t]he court that receives the report of the examination shall permit counsel for both sides to examine the person or persons appointed to examine the defendant" does not compel the participation of the court-appointed competency examiners at the competency hearing. *See* NRS 178.415(3). Nevertheless, the court-appointed competency examiners must appear at the competency hearing upon receiving a subpoena.

reports prior to the competency hearing held pursuant to NRS 178.415.

Initially, we note that after a defendant has been found incompetent and received treatment, pursuant to NRS 178.455(3), full and complete copies of the competency examination reports must be sent to the district attorney and to the defense counsel prior to any further competency hearings. *See* NRS 178.455(3). Unfortunately, however, the statutory competency procedure set forth in NRS 178.415, which governs the district court's initial inquiry into a defendant's competence, is silent with respect to whether full and complete copies of the competency examination reports must be sent to counsel prior to the competency hearing. Nevertheless, we conclude that fundamental notions of due process demand that prior to a competency hearing held pursuant to NRS 178.415, the competency examination report must be forwarded to the court that ordered the examination, and the court must cause copies of the report to be delivered forthwith to the office of the district attorney and to defense counsel, or to the defendant personally if not represented by counsel. *See Vitek v. Jones*, 445 U.S. 480, 494-96 (1980) (concluding that notice of the competency hearing was essential to afford the defendant ''an opportunity to challenge the contemplated action and to understand the nature of what is happening to him''); *see also Wolff v. McDonnell*, 418 U.S. 539, 564 (1974) (concluding that the function of the notice requirement is to afford the defendant an opportunity to marshal the facts and to prepare a response).

The United States and Nevada Constitutions provide that no person shall be deprived of liberty without due process of law. U.S. Const. amend. XIV, § 1; Nev. Const. art. 1, § 8(5). ''The Due Process Clause requires notice and an opportunity to be heard before the government deprives a person of his or her [liberty].'' *Maiola v. State*, 120 Nev. 671, 675, 99 P.3d 227, 229 (2004). Commitment to a psychiatric facility constitutes a deprivation of liberty, regardless of whether the commitment occurs as a result of a court order or referral, or an involuntary commitment proceeding. *See Maniccia v. State*, 931 So. 2d 1027, 1029-30 (Fla. Dist. Ct. App. 2006). Consequently, our statutory competency proceedings must afford the defendant with proper notice and a meaningful opportunity to be heard.

In this case, defense counsel for the petitioners submitted a request to receive full and complete copies of the competency examination reports prior to a competency hearing held pursuant to NRS 178.415. Department 5 denied defense counsel's request for full and

complete copies of the competency examination reports prior to the competency hearing. By denying defense counsel's request for full and complete copies of the competency examination reports prior to the competency hearing, Department 5 denied the petitioners a meaningful opportunity to be heard. Accordingly, we conclude that prior to a competency hearing held pursuant to NRS 178.415, the court that ordered the examination shall cause full and complete copies of the competency examination reports to be delivered forthwith to the office of the district attorney and to defense counsel, or the defendant personally if not represented by counsel. By providing counsel for both sides with full and complete copies of the competency examination reports, the prosecuting attorney and the defense counsel will be afforded a meaningful opportunity to be heard during the competency hearing.

### CONCLUSION

NRS 178.415 is silent with respect to whether defense counsel is entitled to complete copies of the competency examination reports. Nevertheless, we conclude that full and complete copies of the competency examination reports must be sent to the district attorney and to defense counsel prior to a competency hearing pursuant to NRS 178.415 to comport with fundamental notions of due process.

For the reasons stated above, we grant these consolidated writ petitions. The clerk of this court shall issue writs of mandamus directing the district court to vacate its prior competency findings and conduct new competency hearings pursuant to NRS 178.415. The writ shall further direct the district court to provide the district attorney and the defense counsel with full and complete copies of the competency examination reports in a manner that is consistent with this opinion.

HARDESTY, C.J., PARRAGUIRRE, CHERRY, SAITTA, and GIBBONS, JJ., concur.