An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

STEPHEN RAY KERN, JR. A/K/A
STEPHEN KERN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64243

**FILED**

JUN 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal under NRAP 4(c) from a judgment of conviction entered pursuant to a jury verdict of burglary, battery with the intent to commit a crime on a victim 60 years of age or older, three counts of sexual assault upon a victim 60 years of age or older, robbery of a victim 60 years of age or older, and two counts of open or gross lewdness. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

Appellant Stephen Ray Kern argues that the district court's failure to hear evidence at his competency hearing violated his due process and confrontation rights. "The conviction of an accused while he is legally incompetent violates due process. An accurate competency evaluation is therefore critical to avoiding a violation of the defendant's constitutional rights." *Calvin v. State*, 122 Nev. 1178, 1183, 147 P.3d 1097, 1100 (2006) (internal quotation marks and footnote omitted). NRS 178.415 sets forth the procedure for evaluating a defendant whose competency is in doubt. *Olivares v. State*, 124 Nev. 1142, 1148, 195 P.3d 864, 868 (2008). After the defendant has been examined by psychiatrists and/or psychologists, the district court receives the examination report in open court, NRS 178.415(2), where the parties may question the persons who conducted the

14-19267

examination, present other evidence pertaining to the defendant's competence, and cross-examine each other's witnesses, NRS 178.415(3), and where ultimately the district court makes its finding of competence or incompetence, NRS 178.415(4). Here, the record reveals that the district court sent Kern to Lake's Crossing, Doctors Henson and Hiller examined Kern and found him competent to stand trial, the doctors' reports were received by the district court in open court, and Kern acknowledged that he was not challenging the doctors' findings. We conclude from this record that Kern was not deprived of his due process or confrontation rights; he merely chose not to exercise them.

Kern also argues that the district court's failure to halt the trial and order a formal reevaluation of his competency violated his due process rights. Kern asserts that the district court should have halted the trial on the first day when he indicated that getting into civilian clothes would throw him "off course" and again on the fourth day when he indicated that he was taking medicine and it was interfering with his ability to comprehend. Kern maintains that even though a pretrial competency proceeding found that he was competent to stand trial, the question of competency remains open throughout the trial and may be raised at any time.

> Competence [is] measured by the defendant's ability to understand the nature of the criminal charges and the nature and purpose of the court proceedings, and by his or her ability to aid and assist his or her counsel in the defense at any time during the proceedings with a reasonable degree of rational understanding.

*Scarbo v. Eighth Judicial Dist. Court*, 125 Nev. 118, 122, 206 P.3d 975, 977 (2009). If doubt arises as to the competence of a defendant during a

trial, the district court must suspend the trial until the question of competence is resolved. NRS 178.405(1). "A hearing to determine a defendant's competency is constitutionally and statutorily required where a reasonable doubt exists on the issue. [However, w]hether such a doubt is raised is within the discretion of the trial court." *Melchor-Gloria v. State*, 99 Nev. 174, 180, 660 P.2d 109, 113 (1983) (citation omitted). Here, the record reveals that the district court questioned Kern on the first day of the trial regarding his appearance in jail garb and found that he was competent, and it questioned Kern on the fourth day of the trial about medication that he had taken and found that there was no substantive due process violation. The district court's findings are supported by the record, and we conclude that it did not abuse its discretion in this regard.

Kern further argues that cumulative error deprived him of a fair trial and requires reversal of his conviction. However, Kern has failed to demonstrate any error, and we conclude that he was not deprived of a fair trial due to cumulative error.

Having concluded that Kern is not entitled to relief, we ORDER the judgment of conviction AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc: Hon. David B. Barker, District Judge
Linda A. Norvell Marquis
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk