# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| JERALD REY COSTA, JR.,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 68853 |
| JERALD REY COSTA, JR.,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 68861 |

FILED

NOV 17 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

These are consolidated appeals from district court orders denying appellant Jerald Costa's June 12, 2013, postconviction petitions for a writ of habeas corpus. Second Judicial District Court, Washoe County; Janet J. Berry, Judge. Costa argues that the district court erred in denying several of his claims of ineffective assistance of trial counsel. We affirm.

To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 58-59 (1985); *Kirksey v. State,* 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. *Strickland v. Washington,* 466 U.S. 668, 697 (1984). We give deference to the court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's

16-35962

application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Costa argues that counsel failed to inform the district court that Costa was abused as a child and suffered from several mental illnesses, so that the district court could fully evaluate his competency. At the evidentiary hearing, Costa presented no evidence that he was incompetent to enter his guilty plea. Rather, Costa's responses during his guilty plea colloquy as well as counsel's testimony regarding her interactions with Costa and the results of two competency evaluations support the district court's finding that Costa understood the charges against him and was an active participant in his defense, indicating that Costa was competent to enter his plea. *See Calvin v. State*, 122 Nev. 1178, 1182-83, 147 P.3d 1097, 1100 (2006) (setting forth the competency standard). Accordingly, Costa failed to show deficient performance or prejudice. The district court therefore did not err in denying this claim.

Second, Costa argues that counsel coerced him into pleading guilty by telling him that he could face the death penalty. Trial counsel testified, however, that she and Costa never discussed the death penalty. The district court found that trial counsel was credible and that Costa's testimony to the contrary was not credible. We will not second-guess those credibility determinations. *State v. Rincon*, 122 Nev. 1170, 1177, 147 P.3d 233, 238 (2006). Costa failed to show deficient performance. The district court therefore did not err in denying this claim.

Third, Costa argues that counsel failed to advise him that he had a viable defense based on voluntary intoxication. Counsel testified that a percipient witness reported that the victim was nearly passed out on a bar when Costa stood up, announced that he was going to shoot the victim, and then shot the victim four times. Counsel further testified that

Costa's actions after the shooting suggested that voluntary intoxication would not have been a viable defense. The district court found counsel's testimony to be credible and correctly concluded that the events described demonstrated the intent necessary for first-degree murder. *See Byford v. State*, 116 Nev. 215, 237, 994 P.2d 700, 714 (2000) ("Premeditation . . . may be as instantaneous as successive thoughts of the mind."). Based on those findings and conclusions, Costa failed to show deficient performance or prejudice. The district court therefore did not err in denying this claim.

Having determined that the district court did not err,[1] we

ORDER the judgments of the district court AFFIRMED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Pickering

cc: Hon. Janet J. Berry, District Judge
Karla K. Butko
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

---

[1]To the extent Costa raises ineffective-assistance claims based on evidence of the victim's propensity for violence and evidence that he would be amenable to rehabilitation, he fails to support them with cogent argument, and we thus decline to address them. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court.").