# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARLAND LAVEL JACKSON,
Appellant,
vs.
BRIAN WILLIAMS, WARDEN,
Respondent.

No. 77836

FILED

JAN 24 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Valerie Adair, Judge. Appellant Marland Lavel Jackson argues that he received ineffective assistance of trial counsel and that the district court should have held an evidentiary hearing. We disagree and affirm.[1]

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985) (holding that prejudice prong requires petitioner who pleaded guilty to show a reasonable probability that he would not have pleaded guilty absent counsel's errors);

---

[1]Having considered the pro se brief filed by Jackson, we conclude that a response is not necessary, NRAP 46A(c), and that oral argument is not warranted, NRAP 34(f)(3). This appeal therefore has been decided based on the pro se brief and the record. *Id.*

20-03392

*Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996) (same). The petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004), and both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697. For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Id.* at 690. The petitioner is entitled to an evidentiary hearing when the claims asserted are supported by specific factual allegations that are not belied or repelled by the record and that, if true, would entitle the petitioner to relief. *See Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008). We give deference to the district court's factual findings that are supported by substantial evidence and not clearly wrong but review its application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Jackson first argues that counsel should have shown that he was incompetent to stand trial and to knowingly and voluntarily plead guilty. The record shows that counsel sought and obtained a competency evaluation, upon which the district court found that Jackson was competent to stand trial. Moreover, the district court thoroughly canvassed Jackson before accepting his plea and ascertained that he entered his plea knowingly, voluntarily, and intelligently. Accordingly, the record repels Jackson's contentions that counsel did not litigate his competency or that he was incompetent to stand trial or enter a plea, and Jackson has not shown deficient performance or prejudice in this regard. Insofar as Jackson relatedly argues that counsel should have investigated his mental illness to show that he was not competent, he has not shown deficient performance or prejudice in light of the district court's finding of competence. While

Jackson submits an excerpt purportedly from an independent psychological evaluation concluding he was in a delusional state when he killed the victim, that would be relevant to an insanity defense, not competence to stand trial, *see Ogden v. State*, 96 Nev. 697, 698, 615 P.2d 251, 252 (1980) (distinguishing insanity defense from competence to stand trial); *see also Finger v. State*, 117 Nev. 548, 576, 27 P.3d 66, 85 (2001) (stating standard for insanity defense); *Riker v. State*, 111 Nev. 1316, 1325, 905 P.2d 706, 711 (1995) (stating standard for competence to plead guilty); *Melchor-Gloria v. State*, 99 Nev. 174, 179-80, 660 P.2d 109, 113 (1983) (stating standard for competence to stand trial), and does not show a reasonable probability that a second competency evaluation would render a different result. The district court therefore did not err in denying this claim without an evidentiary hearing.

Jackson next argues that counsel should have investigated potential defenses or seek related discovery on the bases that his methamphetamine intoxication and mental illness rendered him insane when he killed the victim, his intoxication and mental illness led him to believe that he was acting in self-defense, and the victim's text messages would purportedly show that the victim planned to kill him such that he killed her in self-defense. Jackson has not shown deficient performance where he waived the opportunity to raise defenses by pleading guilty and has not shown prejudice where he did not argue that he would have gone to trial rather than pleading guilty had counsel investigated these matters. The district court erred in construing Jackson's arguments regarding the text messages as an independent claim pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and in reaching its merits, as Jackson clearly framed his allegations as a challenge to counsel's investigation of his defense.

SUPREME COURT
OF
NEVADA

(O) 1947A

3

Nevertheless, the district court reached the correct disposition in denying this claim without an evidentiary hearing. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970).

Jackson next argues that counsel should have informed him of his right to appeal. The record shows counsel did so, as Jackson's guilty plea agreement informed him of his right to appeal and its scope and he testified during his plea canvass that counsel thoroughly discussed the plea with him. *See Davis v. State*, 115 Nev. 17, 19, 974 P.2d 658, 659 (1999). The district court therefore did not err in denying this claim without an evidentiary hearing.

Jackson next argues that counsel should have filed a notice of appeal. Counsel must file an appeal when counsel knows or should know based on the totality of the circumstances that the convicted defendant desires to challenge the conviction. *Toston v. State*, 127 Nev. 971, 979, 267 P.3d 795, 801 (2011). The record repels Jackson's bare contention that counsel knew he was dissatisfied with the sentence where Jackson acknowledged at the plea canvass that he was satisfied with counsel's representation in obtaining the plea offer, the district court sentenced Jackson to the agreed-upon term, and Jackson did not allege that he conveyed his dissatisfaction to counsel. Although the district court erred in concluding that counsel reasonably declined to file an appeal because the guilty plea waived Jackson's appellate rights, *see id.*, the district court reached the correct result in denying this claim without an evidentiary

hearing because Jackson did not allege that counsel knew or should have known of his desire to pursue an appeal.[2]

Jackson next argues that the guilty plea was not entered knowingly, voluntarily, and intelligently because he was not competent to do so. Jackson has not shown that he lacked competence to plead guilty, particularly as he was thoroughly canvassed, *see Molina v. State*, 120 Nev. 185, 191, 87 P.3d 533, 537-38 (2004) ("A thorough plea canvass coupled with a detailed, consistent, written plea agreement supports a finding that the defendant entered the plea voluntarily, knowingly, and intelligently." (internal quotation marks omitted)), and previously evaluated and found competent to stand trial, *see Riker*, 111 Nev. at 1324, 905 P.2d at 711 (concluding that competency to plead guilty is not a higher standard than that to stand trial). The district court therefore did not err in denying this claim without an evidentiary hearing. Insofar as Jackson requests to withdraw his guilty plea on this basis, he raises this claim for the first time on appeal, and we therefore decline to consider it.

Jackson next argues that the district court should have appointed postconviction counsel. Jackson is not entitled to the appointment of counsel as a matter of right. *See Brown v. McDaniel*, 130 Nev. 565, 569-71, 331 P.3d 867, 870-71 (2014). Notwithstanding the arguable severity of the sentence, the district court did not abuse its discretion in declining to appoint counsel because Jackson has not shown that his case presented difficult issues or matters on which counsel was

---

[2]Jackson's argument that he should have been permitted to represent himself on direct appeal is without merit. *See Blandino v. State*, 112 Nev. 352, 355-56, 914 P.2d 624, 626-27 (1996) (holding that appellant may not represent himself on direct appeal).

needed to conduct discovery. *See* NRS 34.750(1); *Renteria-Novoa v. State*, 133 Nev. 75, 76, 391 P.3d 760, 760-61 (2017).

Lastly, Jackson argues cumulative error. Even assuming that multiple deficiencies in trial counsel's performance may be cumulated to demonstrate prejudice in a postconviction context, *see McConnell v. State*, 125 Nev. 243, 259, 212 P.3d 307, 318 (2009), Jackson has not demonstrated any instances of deficient performance to cumulate.

Having considered Jackson's contentions and concluded that relief is not warranted, we

ORDER the judgment of the district court AFFIRMED.[3]

_____ , C.J.
Pickering

_____ , J.
Gibbons

_____ , Sr. J.
Douglas

cc:   Hon. Valerie Adair, District Judge
      Marland Lavel Jackson
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

---

[3]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.