IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant,
vs.
TARIQ MANSON,
Respondent.

No. 82038

FILED

SEP 12 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court amended decision and order dismissing the case against respondent without prejudice. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

Respondent Tariq Manson was charged in 2018 with sexual assault of a minor under 14 years of age and three counts of lewdness with a child under the age of 14. Manson was initially found not competent to stand trial twice. After undergoing competency restoration treatment, three doctors from the Stein Forensic Facility eventually deemed him competent. Dr. Jones-Forrester, a clinical neuropsychologist hired by Manson, evaluated him and reported that Manson's longstanding intellectual disability and neurocognitive deficits rendered him incompetent without the possibility of restoration. Manson challenged the competency determination and, after a competency hearing, the district court concluded that Manson was incompetent without the possibility of restoration, relying heavily on Dr. Jones-Forrester's findings, and dismissed the case against Manson without prejudice. While the district court found that Manson was incompetent without the "possibility" of restoration, that standard is higher than the statutory standard, which expresses the test in terms of "no substantial probability of attaining competency in the foreseeable future." NRS 178.460(4)(d); *see also* NRS 178.425(5).

22-28425

Nonetheless, the district court's finding of no "possibility" of restoration necessarily means that the statutory standard of a "substantial probability" was not met either. So, we will analyze whether the district court erred by finding no substantial probability of restoration.

The State argues that the district court abused its discretion by finding that Manson was incompetent and could not be restored to competency. Specifically, it asserts that the district court (1) applied a competency test that expects too much of criminal defendants, (2) accorded insufficient weight to evidence of Manson's competency and restorability, and (3) failed to account for possible accommodations.

The Fourteenth Amendment dictates that a defendant who is more likely than not incompetent may not be criminally tried. *Cooper v. Oklahoma*, 517 U.S. 348, 350, 355-56 (1996). A defendant may be incompetent for any number of reasons, including intellectual disability—the assessment of which in the competency context is an especially "complicated task," *United States v. Pervis*, 937 F.3d 546, 554, 558 (5th Cir. 2019), *cert. denied*, *Gray v. United States*, ___ U.S. ___, 141 S. Ct. 2788 (2021), as is restorability, *e.g.*, Colleen Morrison, Note, *The Continued Indefinite Incarceration of Indiana's Incompetent Defendants Post-*Jackson, 54 Ind. L. Rev. 719, 732 (2021) ("Referred to as the 'quandary of unrestorability,' forensic psychiatry encounters great difficulty predicting whether efforts to restore a defendant's competency will be successful . . . .") (quoting George F. Parker, *The Quandary of Unrestorability*, 40 J. Am. Acad. Psychiatry L., 171, 171 (2012)).

A district court deciding if a defendant is competent asks if "the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and whether he has a rational and factual understanding of the proceedings against him." *Jones v. State*,

SUPREME COURT
OF
NEVADA

(O) 1947A

2

107 Nev. 632, 637, 817 P.2d 1179, 1182 (1991).[1] The question of competency "is not concerned with the defendant's responsibility but rather with his ability to participate in the proceedings in a meaningful way." 1 Wayne R. LaFave, *Substantive Criminal Law* § 8.1(a) (3d ed. 2018); *see also Drope v. Missouri*, 420 U.S. 162, 171 (1975) (providing that a defendant must be able "to assist in preparing his defense"); *Price v. Thurmer*, 637 F.3d 831, 833-34 (7th Cir. 2011) (stating that a defendant must "be able to follow the proceedings and provide the information that his lawyer needs in order to conduct an adequate defense, and to participate in certain critical decisions"); *United States v. Hoskie*, 950 F.2d 1388, 1392 (9th Cir. 1991) (explaining that the competency inquiry asks if a defendant can "participate effectively in his trial").

In answering these questions, "the district court may consider various sources of evidence, 'including . . . its own observations of the defendant's demeanor and behavior; medical testimony; and the observations of other individuals that have interacted with the defendant.'" *Pervis*, 937 F.3d at 554 (quoting *United States v. Porter*, 907 F.3d 374, 380 (5th Cir. 2018) (internal quotation marks omitted)); *see also Calvin v. State*, 122 Nev. 1178, 1183, 147 P.3d 1097, 1100 (2006) ("Accuracy is best served when the district court and any appointed experts consider a wide scope of relevant evidence at every stage of the competency proceeding . . . ."). "When there is conflicting psychiatric testimony at a competency hearing,"

---

[1]This test is derived from *Dusky v. United States*, 362 U.S. 402 (1960), and has been codified in Nevada law in NRS 178.400(2). We interpret this statute "as consistent with [the *Dusky*] standard." *Calvin v. State*, 122 Nev. 1178, 1182, 147 P.3d 1097, 1100 (2006).

it is for the trier of fact to resolve. *Ogden v. State*, 96 Nev. 697, 698, 615 P.2d 251, 252 (1980).

A district court's competency determination "is entitled to deference on review" and "will not be overturned if it is supported by substantial evidence." *Calvin*, 122 Nev. at 1182, 147 P.3d at 1099 (2006). "Substantial evidence is that which a reasonable mind might consider adequate to support a conclusion." *Steese v. State*, 114 Nev. 479, 488, 960 P.2d 321, 327 (1998). "It is not our task, as an appellate court, to relitigate the battle of the experts." *United States v. Simpson*, 645 F.3d 300, 306 (5th Cir. 2011). But we are to ensure that the district court's decision is not "arbitrary or capricious," and does not exceed the bounds of law or reason. *Jackson v. State*, 117 Nev. 116, 120, 17 P.3d 998, 1000 (2001).

Here, the district court held a hearing at which the doctors testified, and the parties and the court questioned them. Of note, the State did not challenge the qualifications of Dr. Jones-Forrester, who is competency certified in Nevada. The court evaluated the evidence that had both been subject to adversarial testing and admitted without objection, applied the *Dusky* standard, and found that Manson was incompetent with no possibility, much less a substantial probability, of attaining competency in the foreseeable future based on his lifelong intellectual and neurocognitive deficits. Although the State argues that the district court applied the wrong test for competency, setting the competency bar higher than where it should be, we do not perceive legal error, given that the district court explicitly applied the *Dusky* standard, and the disagreement is essentially about whether it was met.

As to that, the record does not reveal that the State presented such strong evidence of competency or restorability as to render the district court's contrary finding reversible error. *See Ogden*, 96 Nev. at 698, 615

Supreme Court
OF
Nevada

(O) 1947A

4

P.2d at 252 (indicating that the trier of fact resolves conflicting psychiatric testimony). Moreover, the evidentiary picture was far from clear as to what accommodations were possible and what effect they would have. And while the district court did not make detailed factual findings to support its decision regarding restorability, the State does not challenge that on appeal, and the district court's findings regarding competency support its conclusion regarding restorability—thus, we choose to only consider the arguments the State did make. *See, e.g.*, *Greenlaw v. United States*, 554 U.S. 237, 243 (2008) (noting that courts "follow the principle of party presentation," which requires the litigants to frame the issues). Because the district court's finding of incompetency without the substantial probability of restoration is supported by substantial evidence, and the district court did not abuse its discretion, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Pickering

SUPREME COURT
OF
NEVADA

(O) 1947A

HERNDON, J., with whom PARRAGUIRRE, C.J., and HARDESTY, J., agree, concurring in part and dissenting in part:

I agree that the district court did not abuse its discretion in deciding that Manson was not competent to proceed; however, I respectfully disagree and dissent on the issue of the possibility of competency restoration. Although these two concepts can be related and can involve the evaluation of some of the same evidence, they are two separate judicial determinations and the court must treat them as such by explaining each ruling individually. The district court's finding regarding the possibility of competency restoration was summary and conclusory without much individualized analysis as to Manson. The conclusion was also an almost verbatim recitation of the possibility of restoration finding made earlier in the related case of State v. Adams, Docket No. 81782. Such summary findings prevent this court from conducting an appropriate review on appeal. For these reasons, although I concur as to the competency determination, I respectfully dissent as to the possibility of restoration determination and I would reverse and remand to the district court for it to conduct a proper analysis and enter adequate findings of fact and conclusions of law.

_____, J.
Herndon

We concur:

_____, C.J.
Parraguirre

_____, J.
Hardesty

cc: Hon. Linda Marie Bell, Chief Judge
Attorney General/Carson City
Clark County District Attorney
Clark County Public Defender
Special Public Defender
Washoe County District Attorney
Washoe County Public Defender
Federal Public Defender/Las Vegas
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A