OPINION
 

 Per Curiam:
 

 On appeal, Cristobal Morales argues that he was improperly denied eight peremptory challenges during voir dire, that he should have been granted a continuance of trial, and that there was insufficient evidence to convict him. We agree with Morales on the first issue only, and reverse.
 

 While investigating narcotics transactions, Las Vegas police officers observed Morales engaging in what they believed to be a hand-to-hand drug sale. The officers followed Morales’s car and eventually stopped him after he ran a red traffic light. The officers observed Morales drop a cigarette package to the ground as he exited. The package was tested and contained 28.3 grams of cocaine. By the time of the trial two years later, the impounded cocaine weighed only 27.9 grams. At the time of the offense, trafficking in a controlled substance carried a possible sentence of life imprisonment only if the weight of the controlled substance was 28 grams or more. NRS 453.3385(3).
 

 On the first day of trial, Morales’s attorney made a motion to continue the trial so that Morales could receive a psychiatric examination. Morales’s attorney was concerned about Morales’s mental condition primarily because of events occurring the night before trial. Apparently Morales believed that his former attorney possessed secret papers that would exonerate Morales. While attempting to find these alleged papers the night before trial, Morales was apprehended inside his former attorney’s office by the police who discovered Morales to be armed. After considering this information, the district court judge denied Morales’s motion for continuance, concluding that the motion was a delaying tactic.
 

 After denying the motion for continuance, the court addressed
 
 *21
 
 Morales’s attorney’s request for eight peremptory challenges rather than four. Morales’s attorney argued that since the offense charged could be punished by life imprisonment, he was entitled to eight peremptory challenges. The district court determined that the appellant was entitled to only four peremptory challenges. Morales’s attorney used all of the allowed peremptory challenges, two of which challenged two jurors that Morales’s attorney unsuccessfully attempted to excuse for cause.
 

 At the conclusion of the jury trial, the jury returned a verdict of guilty of trafficking in a controlled substance of more than 28 grams. The district court sentenced Morales to twenty-five years incarceration and ordered him to pay a fine of $500,000.
 

 Peremptory challenges
 

 NRS 175.051 states that a defendant is entitled to eight peremptory challenges if the offense is punishable by death or life imprisonment.
 
 [1]
 
 In this case, Morales was charged with trafficking in a controlled substance of 28 grams or more, which, at the time of the offense, was a felony punishable by imprisonment for either life or a definite term of not less than 25 years. NRS 453.3385(3).
 

 The district court and the State relied on the holding in Nootenboom v. State, 82 Nev. 329, 332-33, 418 P.2d 490, 491 (1966). In
 
 Nootenboom
 
 this court held that a defendant is entitled to eight peremptory challenges only when no shorter sentence than life may be imposed. Given the significant changes in the statutory penalties since
 
 Nootenboom
 
 was decided in 1966, we conclude that the holding of
 
 Nootenboom
 
 is no longer good law and should be overruled. Public policy is better served by allowing eight peremptory challenges whenever a life sentence may be imposed upon conviction of the offense.
 

 At oral argument, the State conceded that
 
 Nootenboom
 
 is no longer good law and that Morales was indeed entitled to eight peremptory challenges. However, the State argued that the district court’s failure to allow Morales eight peremptory challenges was harmless error. We cannot agree. The improper limitation of peremptory challenges is not subject to harmless error analysis on
 
 *22
 
 this record. We conclude that Morales was entitled to eight peremptory challenges. Our decision regarding the number of peremptory challenges in this type of case is prospective and is not to be applied retrospectively.
 

 Competency of the defendant
 

 Morales argues that the district court erred in not allowing him to be evaluated for competency before trial. We find this contention to be without merit.
 

 NRS 178.405 does provide that where a defendant’s competency is in doubt, the court should suspend the trial until the question of competency is settled. A defendant may not be tried while incompetent. Incompetency exists when the party is unable to assist his counsel in his defense.
 
 See
 
 NRS 178.400. Morales argues that the district court should have suspended the trial because appellant’s actions the night prior to trial suggested a lack of competency.
 
 [2]
 

 Where there is reasonable doubt regarding a defendant’s competency, a district court’s failure to order a competency evaluation constitutes an abuse of discretion and a denial of due process.
 
 See
 
 Ford v. State, 102 Nev. 126, 133, 717 P.2d 27, 31-32 (1986); Melchor-Gloria v. State, 99 Nev. 174, 180, 660 P.2d 109, 113 (1983). Appellant’s actions in breaking into his prior attorney’s office while armed to look for a document were disturbing. However, the district court did not abuse its discretion by denying the motion for a continuance. The actions of Morales were more indicative of an attempt to assist his attorney, however illegally, rather than incompetency. The record contains no evidence that Morales was unable to remember the events relating to his drug arrest, communicate with his attorney or otherwise assist in his own defense. While a single incident of unusual behavior might have indicia that would cause a court to question the competency of an individual, such indicia are not present here.
 

 Sufficiency of the evidence
 

 Morales contends there was insufficient evidence to support his
 
 *23
 
 conviction. His contention hinges on the weight of the cocaine seized by the police. Morales’s conviction for trafficking in a controlled substance in an amount greater than 28 grams can stand only if a reasonable jury could have found that the cocaine weighed more than 28 grams. We review the jury’s conclusion that the cocaine did weigh more than 28 grams by first viewing the evidence in the light most favorable to the prosecution, and then determining whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
 
 See
 
 Lisle v. State, 113 Nev. 540, 555, 937 P.2d 473, 482 (1997).
 

 In this case, it is not disputed that the cocaine was weighed twice and that the substance weighed 28.3 grams when Morales was arrested but weighed only 27.9 grams when weighed days before trial. At trial, the State presented a criminalist who testified that the loss in weight would be expected from moisture loss, transferring the substance during weighing, and aerosolization. The criminalist also testified that data since 1990 revealed that testing the weight of substances almost always resulted in weight loss. Based on this testimony, we hold that, viewing the evidence in the light most favorable to the prosecution, a reasonable jury could have determined that the ’ cocaine seized from appellant weighed more than 28 grams.
 

 Based on the above discussion, we reverse Morales’s conviction and remand for a new trial on the basis of the failure to grant the defendant eight peremptory challenges.
 

 [1]
 

 NRS 175.051 states:
 

 1. If the offense charged is punishable by death or by imprisonment for life, each side is entitled to eight peremptory challenges.
 

 2. If the offense charged is punishable by imprisonment for any other term or by fine or by both fine and imprisonment, each side is entitled to four peremptory challenges.
 

 [2]
 

 At oral argument, Morales’s attorney also stated that Morales had threatened to kill himself and his prior attorney on the same evening. However, this information is not contained in the trial transcript and apparently the district court judge was not informed of this allegation.