*797 OPINION
By the Court,
Douglas, J.:
In this criminal appeal, we consider whether the Eighth Judicial District Court improperly delegated the adjudication of all competency matters to a particular district court judge. We further consider whether the district court is required to grant a defendant a hearing as to competency upon the defendant’s return from a mental health facility.
We conclude that under the Eighth Judicial District Court Rules (EDCR), the Eighth Judicial District may assign the determination of all initial competency matters (NRS 178.415 and NRS 178.455) to a particular district court judge; however, the determination of a defendant’s ongoing competency thereafter and during trial must vest with the trial judge who has been assigned to hear the matter. In addition, upon a defendant’s return from a mental health facility where the defendant has been deemed competent to stand trial, the district court upon a timely request must afford the defendant a hearing wherein the defendant is afforded the opportunity to examine the members of the treatment team regarding their report. Moreover, a defendant’s right to a hearing cannot be waived when the challenge is based on the defendant not having the sufficient present ability to consult with defense counsel with a reasonable degree of rational understanding or on the defendant not having a rational, as well as factual, understanding of the proceedings against him or her.
Accordingly, we conclude that the district court erred in not affording appellant Angelo Fergusen a hearing as to competency after he had returned from a mental health facility. While Fergusen’s request for a hearing may have been untimely under the relevant statute, he should have been afforded a hearing as to competency because his request for a hearing was based in part on a claim that he did not have the sufficient present ability to consult with defense counsel. We further conclude that defense counsel raised sufficient doubt as to Fergusen’s competency.[1] As a result, we reverse the judgment of conviction and remand this matter for a new trial, so long as Fergusen is found to be competent to stand trial.

*798
FACTS AND PROCEDURAL HISTORY

In 2003, Fergusen was charged with burglary, sexual assault, robbery, and first-degree kidnapping. After he was bound over to district court for trial, many continuances relating to Fergusen’s competency were granted throughout 2004 and 2005.
In 2005, Fergusen’s defense counsel filed a motion to declare Nevada’s competency standard unconstitutional. At the hearing on the motion, defense counsel informed the district court that two psychologists had deemed Fergusen incompetent to stand trial. As a result, the district court took no action on the motion relating to Nevada’s competency standard and ordered Fergusen to be sent to Lake’s Crossing Center, a mental health facility operated by the Division of Mental Health and Developmental Services of the Department of Health and Human Services (Division), for a competency determination.
In 2005, the Eighth Judicial District Court assigned the determination of all competency matters to Eighth Judicial District Court Judge Jackie Glass (Department 5). Consistent with this policy, when Fergusen returned from Lake’s Crossing, Department 5 handled the proceedings related to his competency. During the court proceedings, a deputy public defender notified Department 5 that she was “covering” this matter for another deputy public defender who represented Fergusen and who had other appearances to make in the district court, and she therefore requested a continuance. The district court denied the request and conducted the competency hearing. At the hearing, the district court received the report by the Division’s Administrator as to Fergusen’s competency. According to the report, three doctors at Lake’s Crossing had deemed Fergusen competent to stand trial. Based on this information, Department 5 determined Fergusen to be competent and ordered the case to proceed to trial. Fergusen’s trial was assigned to Eighth Judicial District Court Judge Stewart L. Bell (Department 7).
Thereafter, during a status check hearing in Department 7, defense counsel informed the district court that before Fergusen went to Lake’s Crossing, counsel was going to challenge whether Fergusen could ever be rendered competent to stand trial. Additionally, defense counsel informed the district court that counsel had not received the Lake’s Crossing report, which Department 5 had relied upon in finding Fergusen competent to stand trial. As defense counsel argued that Fergusen was still not competent to stand trial, the district court informed counsel that they could file a motion, which would be considered by Department 5.
Nearly two months after the status check hearing, defense counsel filed a motion for a hearing as to competency. In this motion, defense counsel sought a hearing in order to challenge the report *799 made by the Lake’s Crossing treatment team. Further, in this motion, defense counsel stated that they still had not received the report from Lake’s Crossing.
Department 5 heard arguments on defense counsel’s motion for a competency hearing. Defense counsel informed Department 5 that counsel had received the report from Lake’s Crossing and that the report had been delivered to defense counsel’s office beforehand but apparently had not been transferred to the deputy public defender assigned to Fergusen’s case. At the hearing, the State objected to the motion as untimely. The State further argued that it had received information from the detention center showing that Fergusen was competent to stand trial, as Fergusen apparently had been requesting documents in preparation of his own defense and had been “hoarding” his medications in order to sell them. In addition, the State noted that defense counsel had not presented any new reports that showed Fergusen decompensating and merely based the challenge on evaluations that took place prior to Fergusen’s commitment to Lake’s Crossing. After considering the parties’ arguments, Department 5 determined that because it had considered untimely motions in other cases, it would grant defense counsel’s motion for a hearing as to competency prior to Fergusen’s trial date, which had been set by Department 7. Further, Department 5 informed defense counsel that, if needed, it would provide a subpoena or court order allowing defense counsel to obtain Fergusen’s “day-to-day treatment” reports from Lake’s Crossing.
Subsequently, however, Department 5 notified the parties that it had reconsidered its decision and no longer intended to grant the motion for a competency hearing. At a chambers conference, the court apparently asked defense counsel to provide additional reasons to justify a competency hearing. Defense counsel argued that a hearing as to competency was warranted because Fergusen did not have the present ability to aid and assist defense counsel, which according to defense counsel, made him incompetent to stand trial. Five days later, Department 5 held a hearing to’ make a record of what had taken place during the chambers conference. At this hearing, Department 5 found that based on its review of the Lake’s Crossing report and reports from the detention center, Fergusen was competent to stand trial and that Fergusen did not meet the standard for incompetency under Dusky v. United States,[2] despite defense counsel’s contention that Fergusen was not able to aid and assist defense counsel. Based on these findings, Department 5 concluded that a hearing as to competency, as requested by defense counsel, was not warranted. Defense counsel objected to Department 5’s findings and filed an offer of proof and affidavit under *800 seal with respect to what defense counsel would have shown if there had been a hearing as to competency.
Thereafter, Fergusen’s case was transferred back to Department 7. Defense counsel filed another motion for a competency hearing. While defense counsel made the same arguments as they had in the previous motion considered by Department 5, they argued that counsel had to file that motion without the benefit of the Lake’s Crossing report and that no formal findings of competency had been made by the district court. Department 7 held a hearing on the new motion. At the hearing, Department 7 noted that because Department 5 had found defense counsel’s arguments to be without merit and found Fergusen to be competent to stand trial, Department 7 was unwilling to entertain the motion for a hearing as to competency.
Defense counsel subsequently filed a writ petition in this court, which we ultimately denied.[3] Upon our denial of defense counsel’s writ petition, the district court set Fergusen’s trial to start in September 2006.
Shortly before the trial date, defense counsel orally informed the district court that they were having Fergusen talk to some psychologists who would possibly deem him incompetent to stand trial. In responding to defense counsel’s assertions, the district court determined that it would nevertheless commence trial the following week, as it informed defense counsel that Department 5 would not consider evidence relating to competency from any doctors who were not appointed by Department 5. While defense counsel reiterated that Fergusen was not communicating with counsel, the district court ordered that trial would proceed.
On the first day of trial, defense counsel filed a motion to strike all the rulings made by Department 5 and to compel a de novo hearing as to Fergusen’s competency. In this motion, defense counsel argued that the district court should have stricken Department 5’s rulings because Department 5 had manifested bias and prejudice, as it had attempted to file an amicus curiae brief in the defense’s writ petition. Additionally, defense counsel maintained that Fergusen was still not able to consult with defense counsel. While the district court allowed defense counsel to file their motion to strike, it did not consider the motion. Defense counsel thereafter requested a stay and filed another writ petition seeking this court’s intervention, which was denied.[4]
*801 At the conclusion of the jury trial, Fergusen was found guilty on all charges. At sentencing, defense counsel informed the district court that counsel was not prepared to go forward because they were not able to review the parole and probation report with Fergusen. Defense counsel asked the district court for additional time to allow Fergusen to undergo a psychiatric evaluation and further asserted that under Nevada’s competency statutes, Fergusen should have been sent to Lake’s Crossing. The district court disagreed and noted that Fergusen had engaged in conversations with the district court every day while waiting for defense counsel’s arrival in the courtroom and based on its daily conversations with Fergusen, the district court determined that defense counsel’s request to send Fergusen back to Lake’s Crossing was not warranted. Consequently, the district court sentenced Fergusen, and this appeal followed.

DISCUSSION

Determination of all competency issues by Department 5

Fergusen argues that Nevada law does not authorize the Eighth Judicial District Court to delegate the adjudication of all competency matters to Department 5. Specifically, Fergusen contends that EDCR 1.33, which directs the chief judge for the district to assign judges to specialized terms as needed, does not specifically provide for the assignment of all competency matters to a particular district court judge. Further, Fergusen argues that while a master or judge may handle certain procedural competency matters under EDCR 1.48(k)(ll), the ultimate competency determination must be made by the trial judge who has been assigned to adjudicate the case.
The State responds that the Eighth Judicial District Court Rules permit the assignment of all competency determinations to a particular department. The State contends that because EDCR 1.30(b)(5) permits the chief judge of the Eighth Judicial District Court to make regular and special assignments for all judges within the district, the chief judge may assign all competency determinations to Department 5. The State further argues that the assignment of all competency determinations to Department 5 is lawful because EDCR 1.30(b)(15) allows the chief judge to reassign cases from one department to another department as convenience or necessity requires. Additionally, the State contends that NRS 3.025 and NRS 3.026 require the assignment and adjudication of competency matters in as uniform a manner as practicable.
“In Nevada, a chief judge is broadly authorized to carry out the district courts’ inherent authority to ensure the orderly adminis *802 tration of judicial business.”[5] We review the chief judge’s exercise of this authority for abuse of discretion.[6]
Pursuant to the Eighth Judicial District Court Rules, the chief judge has the general authority to “[mjake regular and special assignments of all judges.”[7] Further, the chief judge must assign judges “to specialized divisions of the court for 2-year terms as needed.”[8] However, EDCR 1.33 does not specifically provide for a division specialized in competency matters. Regarding cases, the chief judge has “the authority to assign or reassign all cases pending in the district.”[9] Further, “[u]nless objected to by one of the judges concerned, criminal cases, writs or motions may be consolidated or reassigned to any criminal department for trial, settlement or other resolution.”[10]
We conclude that under EDCR 1.30(b)(5), 1.60(a), and 3.10(b), the chief judge of the Eighth Judicial District has the discretion to assign the determination of all competency matters to Department 5. While EDCR 1.33 does not explicitly provide for a specialized competency court division, it does not limit the chief judge’s authority under EDCR 1.30(b)(5), 1.60(a), and 3.10(b). However, the determination of a defendant’s ongoing competency during trial must vest with the trial judge who has been assigned to hear the matter.
In reaching this conclusion, we recognize that “evidence of a defendant’s irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial” are relevant factors in assessing competency.[11] Thus, any assignment of a competency determination to a different competency judge during trial would violate the United States Supreme Court’s holding in Drope v. Missouri because a trial judge is the only adjudicator who can, among other things, assess firsthand a defendant’s present ability to consult with his or her lawyer and determine whether a defendant’s *803 present behavior and demeanor during trial demonstrate that he or she is not competent to stand trial.[12]
Accordingly, we conclude that while the Eighth Judicial District Court may assign all initial competency determinations (NRS 178.415 and NRS 178.455) to a particular department within the district, the determination of a defendant’s ongoing competency thereafter and during trial must vest with the trial judge who has been assigned to hear the matter.[13]

The right to a hearing as to competency

Fergusen argues that the district court erred by not affording him a hearing to challenge the report as to competency under NRS 178.455 and NRS 178.460 after he returned from Lake’s Crossing. Further, Fergusen argues that the district court’s refusal to grant a hearing as to competency violated his due process rights because his right to a hearing is constitutionally guaranteed under Pate v. Robinson.[14] Fergusen contends that in addition to his right to a hearing as to competency under NRS 178.460, which allowed him to examine and contest the report prepared by Lake’s Crossing, he should have been afforded a hearing because counsel had also raised competency concerns as to his ability to aid and assist counsel at that time. Fergusen additionally argues that the proceeding that had taken place upon his return from Lake’s Crossing was a “sham” hearing because his counsel was not present at that proceeding.
The State responds that a hearing as to competency was not required because, under Morales v. State,[15] a hearing as to competency is required only when reasonable doubt as to the defendant’s competency arises. The State argues that because defense counsel’s motion for a competency hearing was supported by medical findings that were made prior to Fergusen’s commitment to Lake’s Crossing, defense counsel failed to present sufficient evidence that amounted to reasonable doubt as to Fergusen’s competency after his return from commitment. Thus, the State contends *804 that a hearing as to competency was not warranted. Further, the State argues that Fergusen’s request for a hearing under NRS 178.460 was untimely.
In Morales, we reiterated our holding in Melchor-Gloria v. State[16] and stated that “[w]here there is reasonable doubt regarding a defendant’s competency, a district court’s failure to order a competency evaluation constitutes an abuse of discretion and a denial of due process.”[17] Under Nevada law, a district court is required to suspend proceedings against a defendant at any time during the proceedings, “if doubt arises as to the competence of the defendant.”[18] If a defendant has been found incompetent and committed to Lake’s Crossing, the Administrator of the Division is required to report his specific findings regarding the defendant’s present ability to understand the nature of the charges, understand the nature and purpose of the proceedings, and aid and assist counsel during the proceedings.[19] NRS 178.460 provides that “the judge shall hold a hearing” concerning the Administrator’s report if such a hearing is requested within 10 days of receiving the report. Thus, upon a timely request, the district court must afford a defendant a hearing after the defendant has returned from a mental health facility such as Lake’s Crossing, which would allow counsel to examine and contest the report prepared by the treatment team. And as we have recently recognized in Calvin v. State,[20] evidence received at every stage of the competency proceedings may be relevant to the defendant’s competency and should be considered at such a competency hearing.[21]
Upon Fergusen’s return from Lake’s Crossing, Department 5 conducted a proceeding during which it concluded that Fergusen was competent to proceed to trial, despite Fergusen’s request for a continuance. The district court abused its discretion in denying this request for a continuance.[22] While Fergusen was represented by counsel during that proceeding, the deputy public defender was not *805 Fergusen’s counsel, but was “covering” for the deputy public defender that had been assigned to Fergusen’s case. Further, it is apparent that Fergusen had not been afforded a meaningful opportunity to confer with counsel prior to the proceeding. As Fergusen did not have a significant opportunity to confer with his counsel prior to the proceeding and was not even represented by his assigned counsel at the hearing, Fergusen was denied a meaningful opportunity to be heard and was denied the meaningful opportunity to challenge the findings made in the Lake’s Crossing report.[23]
We further conclude that Department 5 abused its discretion in not granting a hearing as to competency upon defense counsel’s motion. While the request for a hearing as to competency under NRS 178.460 may have been untimely in this case, a competency hearing was warranted because defense counsel had presented a challenge as to Fergusen not having the sufficient present ability to consult with counsel at that time. The motion was supported by evidence that raised sufficient doubt as to his competency to stand trial.[24] While defense counsel’s arguments relating to Fergusen’s competency were in part based on evaluations performed by doctors prior to Fergusen’s commitment to Lake’s Crossing, the evaluations had challenged whether Fergusen had the ability to ever regain competency. Additionally, defense counsel’s proffered affidavit indicates that if there had been a hearing, defense counsel would have had a psychologist testify and opine that Fergusen was not competent to stand trial or assist counsel despite his treatment at Lake’s Crossing. As such, Department 5 should have afforded defense counsel the opportunity to present their evidence relating to Fergusen’s competency during a hearing; this evidence was relevant in addressing the ultimate issue of whether Fergusen understood the nature of the proceedings against him and whether he could assist counsel in his defense.[25]

CONCLUSION

We conclude that the Eighth Judicial District has the discretion to assign the determination of all competency matters to Department 5; however, the determination of a defendant’s ongoing competency during trial must vest with the trial judge who has been assigned to hear the matter. We further conclude that the district court abused its discretion in denying Fergusen’s request for a continuance upon his return from Lake’s Crossing. Additionally, the district court’s refusal to grant Fergusen a hearing as to compe *806 tency upon his return from Lake’s Crossing violated his right to a fair trial. While the request for a hearing as to competency under the relevant statute may have been untimely, a competency hearing was warranted in this case because defense counsel had raised reasonable doubt as to Fergusen not having the sufficient present ability to consult with counsel at that time.
Accordingly, we reverse the judgment of conviction and remand this matter for a new trial, so long as Fergusen is found to be competent to stand trial.[26]
Gibbons, C. L, Maupin, Hardesty, Parraguirre and Saitta, JL, concur.

As defense counsel had contested Fergusen’s ability to achieve competency after his treatment at the mental health facility, defense counsel presented medical opinions that Fergusen was permanently incompetent and did not have the ability to regain competency.

 362 U.S. 402 (1960).

 Fergusen v. Dist. Ct., Docket No. 47519 (Order Denying Petition, July 27, 2006). In denying the writ petition, we also directed the clerk to return unfiled the untimely amicus curiae brief filed by Department 5.

 Fergusen v. Dist. Ct., Docket No. 48029 (Order Denying Petition, September 13, 2006).

Halverson v. Hardcastle, 123 Nev. 245, 258, 163 P.3d 428, 438 (2007).

See Moore v. Cherry, 90 Nev. 390, 393, 528 P.2d 1018, 1020 (1974) (recognizing that district courts must act “within the bounds of sound judicial discretion” when exercising their inherent authority).

EDCR 1.30(b)(5).

EDCR 1.33.

EDCR 1.60(a).

EDCR 3.10(b).

Drope v. Missouri, 420 U.S. 162, 180 (1975).

 See id. at 181 (stating that while a defendant may be competent at the commencement of trial, the trial court must always be alert to circumstances suggesting a change that would render the defendant incompetent to stand trial).

 We further conclude that Fergusen’s argument under EDCR 1.48 is without merit because Department 5 was not acting as a criminal division master in making competency determinations.

 383 U.S. 375 (1966).

 116 Nev. 19, 992 P.2d 252 (2000).

 99 Nev. 174, 660 P.2d 109 (1983).

 116 Nev. at 22, 992 P.2d at 254 (citing Ford v. State, 102 Nev 126, 133, 717 P.2d 27, 31-32 (1986), and Melchor-Gloria, 99 Nev at 180, 660 P.2d at 113); see also Pate, 383 U.S. at 385 (holding that the failure of the trial court to hold a hearing as to the competency of the accused to stand trial in a case in which the evidence entitled the accused to such a hearing deprived the accused of his constitutional right to a fair trial).

 NRS 178.405(1).

 NRS 178.455(1).

 122 Nev. 1178, 147 P.3d 1097 (2006).

 Id. at 1183, 147 P.3d at 1100.

 See Colgain v. State, 102 Nev. 220, 223, 719 P.2d 1263, 1265 (1986).

See Grannis v. Ordean, 234 U.S. 385, 394 (1914) (“The fundamental requisite of due process of law is the opportunity to be heard.”).

See Morales v. State, 116 Nev. 19, 22, 992 P.2d 252, 254 (2000).

See Calvin, 122 Nev. at 1182-83, 147 P.3d at 1100.

In reaching our decision, we further conclude that Department 7 should have granted Fergusen a competency hearing when defense counsel filed their motion to strike all the rulings made by Department 5 and to compel a de novo hearing as to Fergusen’s competency. Based on our review of the evidence supporting this motion, defense counsel had sufficiently raised doubt as to Fergusen’s competency, as defense counsel’s motion was supported by evaluations that had taken place after Fergusen’s commitment to Lake’s Crossing. Thus, in light of the new evidence presented by defense counsel, we conclude that Department 7 erred in yielding to Department 5’s competency determination. Likewise, we conclude that Department 7’s view that Department 5 would not consider any evidence relating to competency from any doctors who are not appointed by the district court violated our holding in Calvin, 122 Nev. at 1183, 147 P.3d at 1100.