An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

DIPAK KANTILAL DESAI,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
VALERIE ADAIR, DISTRICT JUDGE,
Respondents,
and
THE STATE OF NEVADA,
Real Party in Interest.

No. 63046

**FILED**

APR 2 9 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER DENYING PETITION

Petitioner Dipak Kantilal Desai filed a petition for a writ of mandamus in which he challenges the respondent district court's decision denying a motion for a competency evaluation. At this court's direction, the State filed an answer to the petition and Desai filed a reply. Having considered the pleadings and documents submitted to this court, we conclude that our intervention is not warranted at this time.

A writ of mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office, trust or station, NRS 34.160, or to control an arbitrary or capricious exercise of discretion, *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 637 P.2d 534 (1981). A writ of mandamus will not issue, however, if the petitioner has a plain, speedy and adequate remedy in the ordinary course of law. NRS 34.170. And even when mandamus is appropriate, it is an extraordinary remedy and it therefore is within this court's discretion to determine if a petition will be considered. *See Poulos v. Eighth Judicial*

SUPREME COURT
OF
NEVADA

(O) 1947A

13-12482

*Dist. Court*, 98 Nev. 453, 455, 652 P.2d 1177, 1178 (1982); *see also State ex rel. Dep't Transp. v. Thompson*, 99 Nev. 358, 360, 662 P.2d 1338, 1339 (1983). In deciding whether to exercise that discretion, we generally consider "whether judicial economy and sound judicial administration militate for or against issuing the writ, including whether an important issue of law needs clarification and public policy is served by this court's invocation of its original jurisdiction." *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. ___, ___, 267 P.3d 777, 779-80 (2011) (quotations and citations omitted).

We have entertained writ petitions to address discrete legal issues related to the statutory process that governs competency evaluations. *See, e.g., Sims v. Eighth Judicial Dist. Court*, 125 Nev. 126, 206 P.3d 980 (2009). Unlike those petitions, the petition here challenges the district court's exercise of discretion. *Melchor-Gloria v. State*, 99 Nev. 174, 180, 660 P.2d 109, 113 (1983). Based on the information provided to the district court, we cannot conclude that the district court manifestly abused or arbitrarily and capriciously exercised its discretion. *Armstrong*, 127 Nev. at ___, 267 P.3d at 780.

The alleged doubts about Desai's competency to stand trial primarily involve amnesia and aphasia resulting from several strokes. The amnesia was addressed as part of a prior competency proceeding under NRS 178.415 and evaluations at Lake's Crossing. The independent medical evaluation (IME) report prepared more recently confirms the prior findings that Desai embellished the effects of his prior strokes, particularly regarding the profound memory loss that he claimed. Even

assuming that Desai suffers from the level of amnesia that the IME report indicated is possible based on his prior strokes,[1] the amnesia alone would not be sufficient to require further competency proceedings or a finding at this point that he is not competent to stand trial. "[C]ourts have uniformly held that amnesia regarding the alleged crime does not constitute incompetence per se but may establish a basis for a finding of incompetence in a particular case."[2] *United States v. No Runner*, 590 F.3d 962, 965 n.2 (9th Cir. 2009); *see also Palmer*, 31 P.3d at 866-67. Where the issue of competency turns on amnesia, there are a number of questions that are relevant to the issue and "the answers to these questions may not be known prior to trial; it may be the trial itself that illuminates them."[3] *No Runner*, 590 P.3d at 965. For that reason, we cannot conclude that the

---

[1]According to the IME report, the memory function should not have been further affected by the more recent series of small strokes in February 2013.

[2]We recognize that there is a split of authority as to whether amnesia is even relevant to a competency determination. *People v. Palmer*, 31 P.3d 863, 867-68 (Colo. 2001) (discussing the split), *superseded by statute on other grounds as recognized in State ex rel. W.P.*, 295 P.3d 514 (Colo. 2013). Because we have not addressed the issue previously and a final determination of that question is not necessary to resolve this petition, we assume for purposes of our decision today that this court would follow what appears to be the majority approach.

[3]The order entered by the Honorable Kathleen Delaney in January 2012 is consistent with the authority cited above, observing that "[m]emory loss itself, even if true, is not a bar to prosecution of an otherwise competent Defendant" and concluding that "there is no indication in the present record that Defendant and his counsel would be unable to reconstruct the events of the alleged crimes for which he is accused or to raise any possible defenses to the evidence against him."

district court manifestly abused or arbitrarily and capriciously exercised its discretion when it declined the pretrial request to order further competency proceedings under NRS 178.415 based on Desai's purported amnesia.

The record before the district court as to the extent of Desai's current aphasia as a result of the series of small strokes in February 2013 does not include substantial evidence that Desai is incompetent to stand trial. *See Melchor-Gloria*, 99 Nev. at 180, 660 P.2d at 113 ("A formal competency hearing is constitutionally compelled any time there is 'substantial evidence' that the defendant may be mentally incompetent to stand trial. In this context, evidence is 'substantial' if it raises a reasonable doubt about the defendant's competency to stand trial." (quotations and citations omitted)). Defense counsel reported his observations as to Desai's difficulties communicating verbally and in writing, but as the district court observed, counsel had reported the same observations before the February strokes, at a time when various evaluators and the IME report opine that Desai was embellishing his deficiencies. The recent IME report does not opine on the extent of aphasia that could be expected based on the nature and location of the series of strokes in February. Although it may have been reasonable to grant defense counsel's request for an evidentiary hearing to clarify the opinions in the IME report as to the extent of Desai's current aphasia, we are not convinced that the district court's contrary decision amounts to a manifest abuse or arbitrary and capricious exercise of discretion; the judge did not rely on a clearly erroneous interpretation or application of the law, did not ignore the applicable law, considered all of the information presented to it, and discussed various accommodations to address Desai's

aphasia.[4] *See Armstrong*, 127 Nev. at ___, 267 P.3d at 780 (defining manifest abuse of discretion as "[a] clearly erroneous interpretation of the law or a clearly erroneous application of a law or rule" and an arbitrary or capricious exercise of discretion "one founded on prejudice or preference rather than on reason or contrary to the evidence or established rules of law" (quotations and citations omitted)).

The district court's pretrial decision does not conclusively determine the question of competency. Competency to stand trial is fluid and therefore may be raised by the defendant or the court at any time. *See* NRS 178.405(1); *Fergusen v. State*, 124 Nev. 795, 802-03, 192 P.3d 712, 717-18 (2008). For example, as the answers to the questions that inform whether amnesia renders a defendant incompetent are illuminated during trial, the defendant may raise the issue during or following trial or the trial court may raise the issue sua sponte. Similarly, if the proceedings reveal that the extent of any aphasia cannot be accommodated and, as a result, there are doubts as to Desai's current competency, the defendant may raise the issue during or following trial or the trial court may raise the issue sua sponte. But we conclude that at this point, Desai

---

[4]We cannot determine in this proceeding whether the accommodations will be sufficient. That issue was not addressed in significant detail below and it seems likely that the trial itself will illuminate the answer to that question.

has not demonstrated that our intervention is warranted. Accordingly, we ORDER the petition DENIED.[5]

_____, J.
Gibbons

_____, J.
Parraguirre

CHERRY, J., dissenting in part:

I agree with my colleagues as to the district court's handling of the competency issue based on amnesia, but I must depart with them as to the district court's handling of the competency issue based on aphasia. In my opinion, the district court manifestly abused its discretion in rejecting defense counsel's request for an evidentiary hearing to further address the IME report.

The IME report indicates that "aphasia" is "the term used to describe a neurologic disturbance of speech, and encompasses both the ability to produce and understand speech." The doctor who prepared the report had not examined Desai and therefore was limited in his ability to give an opinion as to whether Desai's current described aphasia is real or embellished, but the doctor did observe that Desai's current described aphasia "is possible" and that he would expect the symptoms to improve over time with an "excellent chance" at "near complete recovery." The

_____

[5]Given our resolution of the petition, we deny the motion for a stay as moot.

doctor indicated that recovery normally occurs within 3 to 9 months but may take up to 18 months. At the time of the hearing, it had been less than 2 months since the most recent series of stroke. Although the IME doctor could not opine as to the real extent of Desai's current aphasia, defense counsel reported that Desai had difficulty communicating with him and expressed concern with Desai's ability to speak, to understand speech, and to communicate through writing. I acknowledge the significant concerns with the possibility that Desai is embellishing his symptoms, but there has been an undisputed change in circumstances since the prior findings of embellishment—the recent series of strokes. The accommodations offered by the district court may address Desai's current aphasia, but they may not if his current aphasia "involves a loss of or defect in comprehension of written or spoken language," 30 Am. Jur. *Proof of Facts* 2d 341, § 1 (1982), or precludes him from communicating in writing to such a degree that he cannot aid and assist "counsel in the defense ... with a reasonable degree of rational understanding," NRS 178.400(2). We simply do not know. Presented with all of these circumstances, it not only would have been reasonable for the district court to grant defense counsel's request for an evidentiary hearing, in my opinion it was a manifest abuse of discretion not to do so. *Cf. Olivares v. State*, 124 Nev. 1142, 1149, 195 P.3d 864, 869 (2008) ("when doubts have been raised as to a defendant's competency to stand trial, the district court has an obligation to hold a hearing to fully consider those doubts and to determine whether further competency proceedings under NRS 178.415 are warranted"). An evidentiary hearing likely would not have significantly delayed the trial, if at all, and it may have resolved some of the potential ongoing competency issues that may now arise throughout

the trial. For these reasons, I would grant the petition and the motion for a stay.

_Cherry_ , J.
Cherry

cc: Hon. Valerie Adair, District Judge
Wright Stanish & Winckler
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk