An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
LINDA MARIE BELL, DISTRICT
JUDGE,
Respondents,
    and
FARID MOHAMMAD ASHRAF,
Real Party in Interest.

No. 65725

**FILED**

JUL 30 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER GRANTING PETITION*

This original petition for a writ of mandamus challenges an order of the district court finding Real Party in Interest Farid Ashraf incompetent with no substantial probability of attaining competency in the foreseeable future and dismissing the criminal case against Ashraf. The State asserts that the district court acted arbitrarily and capriciously in rendering this judgment without holding an evidentiary hearing. *See* NRS 34.160; *Round Hill Gen. Imp. Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). We elect to exercise our discretion to consider the merits of this petition because the State does not have a remedy by way of direct appeal from the district court's decision finding Ashraf incompetent. *See State v. Ashraf*, Docket No. 65110 (Order Dismissing Appeal, May 13, 2014) (dismissing appeal for lack of jurisdiction); *see also*

SUPREME COURT
OF
NEVADA

(O) 1947A

14-24798

NRS 175.015(1)(b) (listing orders from which State may take an appeal); NRS 177.015(1)(c), (2) (similar). The district court dismissed the charges without prejudice so arguably, the State may refile the charges against Ashraf. However, the statute of limitations will continue to run on the charges during the time that Ashraf is incompetent, *see* NRS 178.425(5), which may leave the State at a disadvantage depending on when Ashraf attains competency.[1]

We conclude that the State's petition has demonstrated that our intervention is warranted. A defendant may not be tried while incompetent. NRS 178.400(1); *Scarbo v. Eighth Judicial Dist. Court*, 125 Nev. 118, 121, 206 P.3d 975, 977 (2009); *see also Oliveras v. State*, 124 Nev. 1142, 1147, 195 P.3d 864, 868 (2008) (noting that Fourteenth Amendment prohibits criminal prosecution of an incompetent defendant). Accordingly, when doubt as to a defendant's competency arises, the district court must suspend the proceedings against him, *see* NRS 178.405(1); conduct a hearing to address the doubts, *see Scarbo*, 125 Nev. at 121-22, 206 P.3d at 977; appoint psychological professionals to evaluate the defendant and receive the reports from those professionals in a hearing during which the parties may examine the appointed professionals and introduce other evidence, NRS 178.415(1)-(3); *Scarbo*, 125 Nev. at 122-23, 206 P.3d at 978; commit the defendant to evaluation and treatment, NRS 178.425(1); and engage in hearings regarding the

---

[1]Although there is no statute of limitations on murder, *see* NRS 178.080(1), there is a statute of limitation for child abuse and neglect, *see* NRS 171.085(2).

findings of the treatment team, NRS 178.450(2); NRS 178.460(1); *Fergusen v. State*, 124 Nev. 795, 804, 192 P.3d 712, 719 (2008). Thus, in order to dispel or confirm doubt as to a defendant's competency, the district court must engage in thorough and exhaustive adversarial scrutiny of the facts. We conclude that the district court's finding that Ashraf was incompetent with no substantial probability of attaining competence in the foreseeable future absent such scrutiny amounts to a manifest abuse of discretion. The failure to engage in such extensive fact-finding resulted in factual finding by the district court that was not based on reasoned consideration of the evidence.

First, the district court failed to adhere to the statutory process for evaluating competency in reaching its conclusion. Defense counsel raised the issue of Ashraf's competence with a report from its expert. The report raised sufficient doubt as to Ashraf's competency to obligate the court to appoint two psychological professionals to evaluate Ashraf and hold a hearing to receive the reports of those professionals. NRS 178.415(1)-(3). However, the district court did not appoint the necessary professionals to evaluate Ashraf. Instead, it accepted the defense expert's report and ordered the State to find an expert. This did not alleviate its statutory burden to appoint professionals to evaluate Ashraf. Nevertheless, as the State conceded that Ashraf was incompetent and that he should be evaluated at Lake's Crossing, the State cannot complain that the district court order denied it a meaningful opportunity to be heard at this stage of the competency proceedings. *See Fergusen*, 124 Nev. at 805, 192 P.3d at 719 (concluding the district court abused its

discretion by denying appellant opportunity to be heard during competency proceedings).

However, the district court manifestly abused its discretion at the later hearing when it concluded that Ashraf was incompetent with no substantial probability of attaining competence in the foreseeable future. Once committed to Lake's Crossing, the statutes provide that the treatment team submit reports to the district court at six-month intervals concerning Ashraf's competency and the likelihood of him attaining competency. NRS 178.450(2). It is only when these reports are received by the district court and the parties that the district court may make another finding regarding Ashraf's competency and the likelihood of his attaining competency in the foreseeable future. NRS 178.460(3). The district court did not follow the procedure set forth in the statute but instead elected to make a finding in the absence of the anticipated report. It did so without the event that triggers its obligation to hold a hearing and the evidence that would be the subject matter of that hearing. This decision denied the parties a meaningful opportunity to advocate for or challenge the findings of the treatment team. The result of the failure to follow the statutory framework for competency proceedings resulted in findings by the district court that had not been the subject of adversarial testing.

Second, "an abuse of discretion occurs whenever a court fails to give due consideration to the issues at hand." *Patterson v. State*, 129 Nev. ___, ___, 298 P.3d 433, 439 (2013); *see also State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. ___, ___, 267 P.3d 777, 780 (2011) ("An arbitrary or capricious exercise of discretion is one founded on prejudice or

preference rather than on reason, or contrary to the evidence or established rules of law." (quotation marks and citation omitted)). The district court concluded that Ashraf was incompetent based on the defense expert's report. In their first six-month report, the Lake's Crossing treatment team agreed that Ashraf was incompetent but believed that he could attain competence with continued assistance from staff. Based on these initial reports, the district court concluded that there was a substantial probability that Ashraf would attain competency through his treatment. Eight months later the court came to the conclusion that Ashraf had no substantial probability of attaining competence in the foreseeable future based on virtually the same evidence. Therefore, it appeared that the decision was exercised without due consideration of the evidence. Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to VACATE ITS ORDER FINDING REAL PARTY IN INTEREST INCOMPETENT WITH NO PROBABILITY OF ATTAINING COMPETENCE IN THE FORESEEABLE FUTURE AND DISMISSING THE CRIMINAL CHARGES.

_____Pickering_____, J.
Pickering

_____Parraguirre_____, J.          _____Saitta_____, J.
Parraguirre                              Saitta

cc:   Hon. Linda Marie Bell, District Judge
Clark County District Attorney
Attorney General/Carson City
Clark County Public Defender
Eighth District Court Clerk