# IN THE SUPREME COURT OF THE STATE OF NEVADA

WILLIAM EDWARD FERGUSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64704

**FILED**

MAR 1 8 2016



## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of one count of grand larceny. Eighth Judicial District Court, Clark County; James M. Bixler, Judge.

Appellant William Ferguson first contends that the district court erred in not sua sponte ordering a competency evaluation. The district court must conduct a competency hearing if there is evidence that raises a reasonable doubt as to the defendant's competence to stand trial. *Melchor-Gloria v. State*, 99 Nev. 174, 180, 660 P.2d 109, 113 (1983). We review the district court's conduct for an abuse of discretion. *Id.* Ferguson argues that a "revolving door of attorneys confirming as counsel" prior to trial, his "demeanor and actions during trial," and a finding that he was incompetent a month after trial constitute evidence that raised a reasonable doubt as to his competence. First, Ferguson fails to demonstrate how a defendant's changing of counsel implicates his "'present ability to consult with his lawyer with a reasonable degree of rational understanding'" or creates doubt as to whether "'he has a rational as well as factual understanding of the proceedings against him.'" *Id.* (setting out the competency requirements) (quoting *Dusky v. United States*, 362 U.S. 402 (1960)). Second, Ferguson fails to identify any

16-08648

conduct or action of his during trial that could be evidence of his incompetence to stand trial. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court."). Finally, the fact that Ferguson subsequently was found incompetent in another, unrelated case does not of itself give rise to a reasonable doubt as to his competence before or during trial in the instant case.[1] *See Fergusen v. State*, 124 Nev. 795, 803 n.12, 192 P.3d 712, 718 n.12 (2008) (noting that a defendant's competence may change during proceedings). We therefore conclude that Ferguson has failed to demonstrate that the district court abused its discretion in not sua sponte referring him for a competency evaluation before or during trial.

Ferguson next contends that the district court erred in denying his requested jury instructions and verdicts for the lesser-included offenses of attempt grand larceny and petit larceny. We review the district court's decision for an abuse of discretion or judicial error. *Jackson v. State*, 117 Nev. 116, 120, 17 P.3d 998, 1000 (2001). "[A] defendant is entitled to a jury instruction on a lesser-included offense if there is any evidence at all, however slight," that supports that offense. *Rosas v. State*, 122 Nev. 1258, 1264-65, 147 P.3d 1101, 1106 (2006) (internal quotation marks omitted). But "if the prosecution has met its burden of proof on the greater offense and there is no evidence at the trial tending to reduce the greater offense, an instruction on a lesser included

---

[1]We note that the district court transferred Ferguson to competency court before sentencing in this case only because questions about his competency arose in the other case. The district court suspended further proceedings in this case until after Ferguson was restored to competency.

offense may properly be refused." *Id.* at 1265, 147 P.3d at 1106. Here, there was overwhelming evidence that Ferguson was guilty of the greater offense, and he fails to identify any evidence whatsoever that would tend to reduce it. We therefore conclude that Ferguson has failed to demonstrate that the district court abused its discretion in denying his jury instructions and verdict options for lesser-included offenses.

Having considered Ferguson's claims and finding that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____ , J.
Hardesty

_____ , J.
Saitta

_____ , J.
Pickering

cc:  Hon. James M. Bixler, District Judge
     Law Office of Julian Gregory, L.L.C.
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk