# IN THE SUPREME COURT OF THE STATE OF NEVADA

FARID MOHAMMAD ASHRAF,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; THE HONORABLE LINDA
MARIE BELL, DISTRICT JUDGE; AND
THE HONORABLE JAMES M. BIXLER,
SENIOR DISTRICT JUDGE,
Respondents,
and
THE STATE OF NEVADA,
Real Party in Interest.

No. 71074

FILED

JAN 20 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER DENYING PETITION*

This petition seeks a writ of mandamus directing the district court to grant a motion to dismiss the charges against petitioner Farid Ashraf based on his continued incompetency.[1] Ashraf contends that the district court acted arbitrarily and capriciously because the delay in rendering him competent for trial violates due process and he cannot be rendered competent in the foreseeable future. *See Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981); *see also State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931-32, 267 P.3d 777, 780 (2011) (defining manifest abuse and arbitrary or capricious exercise of discretion in context of mandamus). We conclude that Ashraf has not met his burden of demonstrating that

---

[1]Supplemental filings indicate that the district court again declined to grant the motion to dismiss at a later hearing. Our decision is confined to the district court's decision at the August 17, 2016, hearing.

17-02236

extraordinary relief is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

A defendant may not be tried while incompetent. NRS 178.400(1); *Scarbo v. Eighth Judicial Dist. Court*, 125 Nev. 118, 121, 206 P.3d 975, 977 (2009); *see also Olivares v. State*, 124 Nev. 1142, 1147, 195 P.3d 864, 868 (2008) (noting that Fourteenth Amendment prohibits criminal prosecution of an incompetent defendant). Accordingly, when doubt as to a defendant's competency arises, the district court must suspend the proceedings against him, *see* NRS 178.405(1); conduct a hearing to address the doubts, *see Scarbo*, 125 Nev. at 121-22, 206 P.3d at 977; appoint psychological professionals to evaluate the defendant and receive the reports from those professionals in a hearing during which the parties may examine the appointed professionals and introduce other evidence, NRS 178.415(1)-(3); *Scarbo*, 125 Nev. at 122-23, 206 P.3d at 978; commit the defendant to evaluation and treatment, NRS 178.425(1); and conduct regular hearings regarding the findings of the treatment team, NRS 178.450(2); NRS 178.460(1); *Fergusen v. State*, 124 Nev. 795, 804, 192 P.3d 712, 719 (2008). If during the course of these proceedings the court concludes the defendant has no substantial probability of attaining competency in the foreseeable future it must order the defendant released from custody and dismiss the charges against him, unless the State has filed a motion for commitment. NRS 178.425(5); NRS 178.460(4)(d). A defendant may not be held "longer than the longest period of incarceration provided for the crime or crimes with which the person is charged or 10 years, whichever period is shorter," NRS 178.460(5), unless the State pursues further action under NRS 178.461.

According to the petition and documents on file herein, the district court diligently adhered to the statutory procedure in evaluating

Ashraf's competency and treatment. After committing Ashraf to Lake's Crossing, the district court held hearings every six months to receive reports from staff and evaluate the progress on returning Ashraf to competency. During these hearings, the court received reports and evidence that Ashraf was not able to communicate with counsel or understand the proceedings, but treating staff believed that he could be rendered competent within the foreseeable future.

Ashraf asserts that the district court manifestly abused its discretion at the August 17, 2016, hearing in concluding that he could be rendered competent within the foreseeable future. He asserts that the repeated reports from Lake's Crossing staff, which do not show significant improvement, the reports of his own experts, and the failure to teach him to effectively communicate with counsel over several years of treatment demonstrated at the hearing that he cannot become competent within the foreseeable future.

We conclude that Ashraf failed to demonstrate that the district court manifestly abused its discretion in concluding that he could be rendered competent within the foreseeable future at the August 17, 2016, hearing. The hearing was not a regularly scheduled competency hearing. The court had been receiving reports from treating staff every six months and holding hearings based on those reports. However, the August hearing was not prompted by the receipt of a competency report. Treating staff had asked the court for additional professionals to aid them in Ashraf's treatment. This necessitated new hearings apart from the routine competency hearings. The court ordered the formulation of a new treatment plan and estimate for that plan to take effect, based on the assessments of all treating professionals, for how to render Ashraf competent and to present it at the August hearing. Thereafter, the

district court intended to evaluate whether the implemented plan could render Ashraf competent within the foreseeable future at the next competency hearing prompted by a statutorily required treatment report. As the court had not received a current report evaluating the probability of Ashraf being rendered competent within the foreseeable future based on the new treatment plan, we cannot conclude that the district court manifestly abused its discretion in declining to grant Ashraf's motion to dismiss at the August hearing.

Citing *Jackson v. Indiana*, 406 U.S. 715 (1972), Ashraf asserts that even proceeding on a new treatment strategy was prohibited because Ashraf had been in treatment for over three and one-half years. We conclude that Ashraf failed to demonstrate that the district court manifestly abused its discretion. Ashraf's argument misapplies *Jackson*. The Supreme Court did not conclude that the delay, in and of itself, offended due process. *Id.* at 738. Instead, the decision hinged on the failure of the Indiana statutory scheme to consider a defendant's probability of attaining competence in the foreseeable future and the uncontested evidence that Jackson could probably not become competent. *Id.* at 738-39. Conversely, the Nevada statutes address the Supreme Court's concerns in *Jackson*. *See* NRS 178.425(5); NRS 178.460.

Although Ashraf has been treated longer than the defendant in *Jackson*, the record before us does not conclusively indicate that this delay was "more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain [competency] in the foreseeable future." *Jackson*, 406 U.S. at 738. The nature of Ashraf's incompetency is relatively unique. He was born deaf and did not receive any formal language instruction during his formative years. The process of rendering him able to communicate with counsel

and understand the proceedings does not involve the typical procedures familiar to the staff at Lake's Crossing or contemplated by the statutes. The competency statutes and facility employed to render defendants competent contemplate that a defendant's incompetency stems from psychiatric issues. *See, e.g.,* NRS 178.3985 (defining mental disorder); NRS 178.415(1) (appointing psychologist and psychiatrist to evaluate potentially incompetent defendant). Therefore, treatment to competency typically involves the administration of psychotropic medication to alleviate a defendant's symptoms that stand between the defendant and competency. Conversely, Ashraf's competency depends on the efforts of the treating staff to formally educate him in American Sign Language (ASL) and legal procedure as well as his own effort. This knowledge and aptitude cannot be conferred upon Ashraf as readily as medication may alleviate symptoms of mental illness. Considering the need for staff to adjust its treatment process and for Ashraf to learn to communicate, we understand that a longer period of time than that necessary to medicate a defendant may be considered reasonable.

Moreover, throughout the competency proceedings, the district court had received conflicting evidence concerning whether Ashraf could be rendered competent within the foreseeable future. The defense experts have always maintained that Ashraf's profound deficit in communication rendered him unable to communicate with counsel, assist counsel, or understand the proceedings against him. However, Ashraf was able to communicate to a defense expert a significantly detailed explanation for his actions at the time of the crime. Treating staff recounted how Ashraf had been educated through a community college program after coming to the United States, learned English, how to write, and some sign language. He had been observed communicating through ASL with peers in

treatment, improving his chess strategy, and was able to learn facility rules and routines. While staff have observed progress in Ashraf's work, common sense dictates that he labors under a significant and inherent disincentive to learn as success in treatment would lead to his trial for murder.

Given the relative uniqueness of Ashraf's incompetency, the varying opinions of his ability to become competent, and the lengths professionals have gone to in order to treat Ashraf, it is not clear from the provided record that the district court manifestly abused its discretion in declining to dismiss the charges at the August hearing. Moreover, the transcript indicates that the district court understood its obligation under NRS 178.425(5) if it concluded that Ashraf could not be rendered competent within the foreseeable future, and appeared prepared to honor that duty provided the experts evaluating Ashraf concluded it was not likely he could be rendered competent in the foreseeable future. Accordingly, we

ORDER the petition DENIED.

_____Pickering_____, J.
Pickering

_____Hardesty_____, J.
Hardesty

_____Parraguirre_____, J.
Parraguirre

cc:   Hon. James M. Bixler, District Judge
Hon. Linda Marie Bell, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A